### FINTO et al.
### v.
### TEXAS & N. O. R. CO.
### No. 12654.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1954.

Weldon B. Mallette, Richard D. Cullen and Joe E. Kelly, Victoria, for appellants.

Stofer, Proctor, Houchins & Anderson, Victoria, for appellee.

NORVELL, Justice.

This is an appeal from a judgment rendered on a jury verdict in favor of Texas and New Orleans Railroad Company against Buford A. Finto and W. L. Mueller in the sum of $876.51, for damages sustained to the railroad company's locomotive and tracks as a result of a crossing collision between the locomotive and a Chevrolet truck owned by W. L. Mueller and being driven by his employee, Buford A. Finto. The collision occurred in Karnes County in the midday of April 23, 1952, at the intersection of the railroad tracks and Farm to Market Road No. 181. The suit was instituted by Finto and Mueller, and the railroad company filed a cross-action.

Appellants' first point complains of the action of the trial judge in receiving certain photographs in evidence. Appellee asserts that this point has no proper basis in the motion for new trial. This contention must be sustained. The only ground in the motion to which the point could possibly refer is that wherein it was said, "That the Court erred in refusing to permit other testimony throughout the trial of the case which prejudiced (the) cause of the plaintiffs herein and to which refusal proper exception was taken by the plaintiffs herein." The statement of the ground is couched in general terms and is not of the specific na-

ture required by Rules 321 and 322 of the Texas Rules of Civil Procedure. If a ground for new trial of this nature should be considered, it would do away with the requirements of the rules mentioned, and in effect authorize a practice once in vogue in this State but now expressly changed by court decision and the Rules of Civil Procedure. See Phillips Petroleum Co. v. Booles, Tex.Com.App., 276 S.W. 667; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; 14 Texas Law Review 369. Appellants' first point is overruled.

By their second point, appellants assert that the trial court erred in failing to submit an issue of negligence on the part of the railroad company in failing to provide some form of automatic warning signal at the crossing to herald the approach of a train or to place a flagman at the crossing. No request was made for the submission of the issue of "extra-hazardous crossing," and the point could well be overruled upon authority of Attebery v. Henwood, Tex.Civ.App., 177 S.W.2d 95. This is not a case wherein the court submitted some of the controlling issues of an independent ground of recovery, but, to the contrary, the court refused to submit a portion of a cluster of issues making up a theory of recovery because no request was made for the submission of an essential issue which was basic to the theory. It was not error to omit the submission of the "extrahazardous crossing" issue, in the absence of a proper request therefor, and, accordingly, it was not error to refuse to submit other issues ancillary to and dependent thereon. Rule 279, Texas Rules of Civil Procedure. Further, we have examined the references to the statement of facts contained in the briefs relating to this point and it appears probable that the trial judge refused the requested issues upon the theory that the questions of "extra-hazardous crossing," automatic signalling device, etc., were not in the case. The court's action can be sustained on this theory as we find no evidence raising the issue of extra-hazardous crossing. Appellants' second point is overruled.

Appellants by their third point assert that the case should be reversed because the jury entered into an agreement to answer the special issues submitted so that none of the parties should recover against another. The trial court in overruling the motion impliedly held that no agreement was made to answer the issues to bring about a pre-arranged result regardless of the evidence. The statement of the evidence adduced upon the hearing of the motion supports this implied finding. There is some contradiction in the evidence and much of the testimony is in the form of leading questions. By way of example, we find that in one excerpt set forth in the brief and relied upon to show misconduct, the examining lawyer used 220 words, as compared with sixteen for the witness, which were, "Yes, sir. I thought I did; yes. Yes. Yes, sir. Yes, sir. Yes. That's correct."

A hearing upon motion for new trial is inquisitorial in nature and former jurors are technically witnesses for neither side. The manner of conducting the examination lies within the control of the trial judge, and in passing upon fact issues he is authorized to take into consideration the manner in which the witness testified in accordance with the type of interrogation to which he is subjected. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770. Obviously, the repeated use of leading questions, while permitted by the judge, may materially weaken the persuasive effect of the testimony. Further, testimony as to the mental operations of jurymen is without probative value. The public policy underlying this rule is well stated in Perry v. Bailey, 12 Kan. 539, 545, which was cited with approval in Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L. Ed. 917. In Trousdale v. Texas & New Orleans Railroad Co., Tex.Civ.App., 264 S.W.2d 489, this Court re-examined at length the rules relating to jury misconduct, and for that reason further discussion here is deemed unnecessary.

No reversible error appearing, the judgment appealed from is affirmed.