## IRA SIRATT v. WORTH CONSTRUCTION COMPANY

No. A-4531. Decided December 15,1954.
Rehearing overruled January 12, 1955.
(273 S.W. 2d Series 615)

*Calloway Huffaker* and *Harold Green,* of Tahoka, for petitioner, Ira Siratt.

*M. Hendricks Brown* and *Chas. J. Murray,* of Fort Worth, for respondent, Worth Construction Company.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a companion case to that of Imogene Driver v. Worth Construction Company, 154 Texas 66, 273 S.W. 2d 603. Petitioner herein was riding with Boyd Driver on the occasion of the accident resulting from the driving of the Driver car into an excavation left by respondent in Ohio Garden Road where it crossed the new concrete roadway being constructed by respondent. The Driver case and this cause were consolidated in the trial court, and submitted to the jury by one charge. The respondent made its motion for judgment upon the jury's verdict, which was granted. Upon appeal to the Court of Civil Appeals, the trial court's judgment was reversed, and the cause remanded for a new trial. 263 S.W. 2d 842.

In answer to Special Issue No. 77, the jury found that Driver and Siratt were upon a joint expedition at the time of the happening in question.

We agree with the holding of the Court of Civil Appeals that the jury finding that Siratt and Boyd Driver were engaged in a joint expedition is not supported by the evidence. Also, we agree that reversible error is not shown by the failure of the trial court to grant a mistrial when Siratt gave testimony as to what a party at the Veterans Hospital said about always asking the insurance company to pay for the hospital bill, etc.

■ We think the Court of Civil Appeals was in error in its holding that the jury's finding that respondent was negligent in failing to have a barricade on the new roadway at the Ohio Garden Road intersection, and that such negligence was a proximate cause of petitioner's injuries, conflicted with the jury findings that respondent did not fail to give adequate warning that road was not open to the traveling public, and to require a reversal of the cause.

■ In the Imogene Driver case we have discussed the authorities which authorize our holding therein, that since this roadway was not open to travel by the public, the respondent could only be liable to those who were injured in traveling on such new

roadway in the event respondent failed to have adequate barricades, signs, etc. to warn the traveling public that such roadway was not open to the public for travel. The jury found, in the trial of the consolidated cases, that the respondent did not fail to have such adequate warning signs, barricades, etc. This being true, petitioner herein—the same as petitioner in the Driver case—could only recover against respondent for injury inflicted wantonly, wilfully, or through gross negligence. Carlisle v. Weingarten, Inc., 137 Texas 220, 152 S.W. 2d 1073. Their recovery is not denied because of any contributory negligence of either or both, but because, under the jury's answers to Special Issues Nos. 1, 4, 8 and 11, respondent has violated no duty owed to either of them.

For the reasons stated in the Driver opinion, the jury's findings in answer to Special Issues Nos. 14 and 15 that contractor was negligent in failing to place a proper barricade across the Ohio Garden Street intersection with the new concrete slab, and which negligence was a proximate cause of Siratt's injuries, are immaterial and cannot be the basis for any liability of respondent. The respondent made proper objections below to the submission of these issues.

By their findings to Special Issues Nos. 14 and 15, the jury convicted respondent only of simple negligence, i.e., a failure to use ordinary care for the safety of Driver and petitioner herein. That failure is not sufficient to impose liability upon respondent under the applicable rules of law. No judgment could be rendered against respondent on such findings. Therefore, they do not conflict with the findings that respondent did not fail to have adequate signs, barricades, etc. to warn travelers that the roadway was not open to public travel. In this case, as in the Driver case, there are no pleadings, evidence, or jury findings upon which a recovery can be sustained against respondent for a wilful, wanton, or grossly negligent injury.

This Court said, in Little Rock Furniture Mfg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985, 991, (13): "To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it." In Pearson v. Doherty, 143 Texas 64, 70, 183 S.W. 2d 453, 456, the court quotes with approval as the test in cases of this kind from the opinion in Howard v. Howard (Texas Civ. App.) 102 S.W. 2d 473, 475, writ refused, as follows:

" 'The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant'."

We approve the holding of the Court of Civil Appeals on the three other points decided in its opinion, and for the reasons therein given.

■ Upon examination of petitioner's brief in the Court of Civil Appeals, we find petitioner's assignments of error that the jur's answers to those special issues, (Nos. 1, 4, 8 and 11) inquiring whether or not the contractor had failed to give adequate warnings by barricade, flares, signs and presence of a watchman, are against the overwhelming preponderance of the evidence. These assignments were not passed upon by the Court of Civil Appeals. We have no jurisdiction to pass upon such assignments. This cause must be remanded to the Court of Civil Appeals with directions that they pass upon the assignments as to the weight and preponderance of the evidence to sustain the finding by the jury in answer to the issues in question, as well as other assignments which the Court of Civil Appeals did not pass upon, and which are not determined by this opinion.

This cause is reversed and remanded to the Court of Civil Appeals for further proceedings consistent with this opinion.

Opinion delivered December 15, 1954.

ASSOCIATE JUSTICE SMITH dissenting for the same reasons as expressed in his dissent to cause No. A-4530, Imogene Driver v. Worth Construction Company, ante page 66.

ASSOCIATE JUSTICE WALKER not sitting.

Rehearing overruled January 12, 1955.