D. L. NUGENT, Appellant,

v.

STATE of Texas et al., Appellees.

No. 10370.

Court of Civil Appeals of Texas.

Austin.

Feb. 8, 1956.

Rehearing Denied Feb. 29, 1956.

Senterfitt, Crump & Jameson, San Saba, for appellant.

David J. Morris, Brownwood, for appellees.

ARCHER, Chief Justice.

The State of Texas, acting by and through the Commissioners Court of Mills County, Texas, filed suit against D. L. Nugent, appellant herein, B. H. Yeager and The Federal Land Bank of Houston, seeking the condemnation of certain land therein described. Special Commissioners were appointed by the County Court, who returned their award to the County Judge, after giving notice of the time and place of such hearing. The State of Texas and County of Mills perfected their appeal to the County Court of Mills County, and the same was tried before a jury by the County Court of Mills County. Judgment was entered based upon the answers of the jury to special issues for $1,605.60.

This appeal is founded on three assignments and are as follows:

"1. The error of the County Court in refusing to grant appellant's motion for new trial because, when examined on voir dire examination by appellant's attorney, concerning qualifications, interest, bias and prejudice as a juror, Roy Dellis, who participated thereafter as a juror in the verdict in this case, concealed material information, which, if revealed by him, would have caused a challenge to have been exercised against him by appellant's attorney.

"2. The error of the trial court in refusing to grant appellant's motion for new trial because of the receipt by the jury during their deliberations of testimony not admitted from the witness stand under the rulings of this court, from juror Roy Dellis, upon a material issue in this case, causing appellant substantial injury.

"3. The error of the court in refusing to grant appellant's motion for new trial because of the argument to the jury by counsel for appellees to the effect that any verdict rendered by the jury in this case would have to be paid from County funds raised by taxation."

Appellant filed a motion for a new trial based on the allegation that the jury was guilty of misconduct in reaching its verdict because Roy Dellis, a member of the jury, told the other jurors that he was familiar with a large portion of pecan bearing lands along Brown's Creek in the vicinity of appellant's land and that in his opinion the pecan timber was of no value; that he had threshed pecans in this area.

On voir dire the jury panel was asked if they had any opinion based on personal knowledge of the land involved. No juror indicated that he had such information.

On hearing on the motion for new trial evidence was heard from each of the jurors and at the conclusion the court overruled it.

C. D. Owen, foreman of the jury, testified that Roy Dellis told the jury that the pecans on the western place had no value, and that he was personally familiar with Nugent's land and that he did not think it had any particular value and that he had threshed pecans out there a number of times and that he had just as soon have the land without the pecan trees as with them; that Dellis insisted on a lower value than that of the other jurors, and that Dellis' opinion influenced the witness.

On cross examination Mr. Owen testified that he believed that Dellis said he knew the pecan timber on Nugent's land, but could be mistaken of course, but believed he did; that such statement had effect and that Dellis might know more than he did. The witness said that he heard all of the testimony and knew that the court had instructed the jury to consider only the testimony heard from the witness stand; that the charge was read aloud and that he, Owen, remarked several times that only the evidence presented in court should be considered and that nothing said in the jury room should be considered.

Juror R. C. Berry testified that he did not know just what Dellis said but said something about threshing pecans up and down the bayou.

Juror Ellis Berry testified that he barely knew Dellis who just mentioned that he had threshed pecans up and down the creek, and that he did not think they hit too often and that he did not value pecans as high as some people do; that Dellis' opinion was on the low side as to the value of the land.

On cross examination the witness said the jurors were instructed that they should not consider anything except the evidence before them in the courtroom; that at the time Dellis made any statement they were close to a verdict, a difference of $200 or $250.

Earl Fisher, a member of the jury, said that Dellis expressed an opinion as to the

value of the pecan timber and that it was not worth too much, but did not fix any value on the land, but may have expressed an approximate amount.

On cross examination the witness said all of the jurors had different opinions, or different amounts as to value; that he knew the court's instructions and tried to follow them.

Roy Dellis testified that he did not make any statement with respect to his knowledge about pecan trees on any particular place and not on the land in dispute, but had threshed pecan trees up and down Brown Creek and had no knowledge of pecan trees.

On cross examination the witness denied making any statement as to the pecans on Nugent's place; that some of the jurors placed a higher value on the damage to the land than he did, others fixed a lower value.

L. G. Collier, a member of the jury, testified that he did not hear any member of the jury make any remark with reference to personal knowledge of Nugent's place, except that one person had threshed some on the creek, but not on that particular land; that such statement had no influence on him; that he heard the court's instruction that only evidence presented in the jury room should be considered.

On cross examination the witness said Dellis had expressed an opinion as to the value of pecan timber on Brown Creek, and that it would be better not to have the trees as thick as they were. The court overruled the motion for a new trial at the conclusion of the hearing.

No question is made as to proceedings had in the trial of the case or objections to the charge.

The charge of the court in Special Issue No. 1, inquired as to the market value of a .79 acre tract and the jury fixed a sum of $100.

By Special Issue No. 2 the inquiry was to the market value of a 5.87 acre tract and the jury found it to be $1,305.60.

The third Special Issue inquired if the market value of the remainder of appellant's land immediately after the taking of the strip for highway purposes had been reduced by reason of the condemnation, to which the jury answered that it had been reduced and in response to Special Issue No. 4 fixed the damages at $200.

■ We do not believe that the court erred in refusing to grant appellant a new trial because of the conduct of Juror Dellis, or that the jury received testimony not admitted from the witness stand. The trial court heard all of the evidence and found that such alleged misconduct did not occur or if it did, that there was no probability of harm to appellant.

The purported statements of Dellis was with reference to the use of pecan timber and its value.

There was testimony given by Martin and Rains, witnesses called by appellant, in the trial on its merits, and the jury was appraised by the evidence as to the respective values placed on pecan trees and particularly on Nugent's land, and the statements alleged to have been made by Dellis did not disclose any material new evidence.

■ The court was not asked for findings of fact and none were made and since the evidence was conflicting the trial court's finding is final. The trial court has considerable latitude in such matters. Rule 327, Texas Rules of Civil Procedure; Finto v. Texas & N. O. R. Co., Tex.Civ. App., 265 S.W.2d 606, 607; Trousdale v. Texas & N. O. R. Co., Tex.Civ.App., 264 S.W.2d 489, affirmed by the Supreme Court in Tex., 276 S.W.2d 242; Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W.2d 564.

With reference to the assignment that Juror Dellis concealed material information when examined on voir dire, attorney for appellant on examination of the jury panel asked "if any member of the panel had any personal knowledge of Mr. Nugent's land, such knowledge as would be the basis of an opinion as to the value of

the land in controversy." We have herein set out briefly the testimony as to statements made by Dellis and will not repeat it, or our observations under the second point and the cases cited.

■ At no time was the question as to knowledge of the timber presented and no issue was requested as to the value of such pecan timber. We do not believe that Dellis concealed any material information as to his knowledge of Nugent's land. Liberty Cab Co. v. Green, Tex.Civ.App., 262 S.W.2d 522, er. ref. N.R.E.

■ We do not believe the argument of counsel for appellees to the effect that any verdict rendered by the jury would have to be paid from county funds raised by taxation was so improper or prejudicial as to have caused probable harm and the rendition of an improper judgment in the case. Then, too, it is to be noted that appellant did not object to such argument at the time it was made, so that counsel by retraction and the court by instruction may have eliminated the prejudice that may result from the argument. The jury knew by common knowledge that any award of damages would be paid by the county out of its tax money.

The appellant filed an admission of the right of appellee to condemn, the only question being the amount of damages, and had the right to open and close the evidence as well as the argument and his closing argument was made after appellee had made the statement complained of.

In the hearing on the motion for new trial no evidence was offered in connection with the statement, but only raised it in the Bill of Exception filed after the trial on its merits and after the hearing on the motion for new trial and may have waived his right to object. Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856.

In a recent opinion in Frost v. State, Tex.Civ.App., 284 S.W.2d 232, this Court discussed the question of an argument concerning the payment by the State of "such

a stupendous sum" that there would not be enough money in the public treasury to complete the program and cited a number of cases.

The judgment of the trial court is affirmed.

Affirmed.