Louise S. HOPKINS et al., Appellants,

v.

Enoch PENCE, Appellee.

No. 5317.

Court of Civil Appeals of Texas.

El Paso.

March 11, 1959.

Potash, Cameron, Potash & Bernat, El Paso, for appellants.

Mayfield & Broaddus, El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from the District Court of El Paso County, wherein appellants, as surviving wife and children of Charles D. Hopkins, deceased, sought damages from appellee, Enoch Pence, defendant below, for the death of Hopkins resulting from a boat accident on Ascarate Lake, in El Paso County, Texas, on August 18, 1957.

On the trial the jury answered special issues to the effect that appellee did not commit any act of negligence proximately causing the accident complained of, but found that decedent was guilty of three separate acts of contributory negligence, proximately causing the accident in question. The jury also found that it was an unavoidable accident and that the damages suffered by appellants were "None."

Appellants bring four points of error in which they complain that the trial court erred in refusing to set aside the jury's verdict because of conflicting findings, and further complains of the error on the part of the trial court in entering judgment for defendant in spite of the conflict in the findings, and finally urges that the trial court erred in entering judgment for the defendant because of the prejudice of the jury as reflected by their finding that no financial loss resulted to the widow and surviving children by reason of the death of Charles D. Hopkins, Sr.

We believe the question presented by appellants' first three points of error may be stated as follows: Is it error for the trial court to enter a judgment in behalf of the appellee (defendant below) when the jury finds no act of negligence on the part of defendant proximately causing the accident in question, and then further finds that the accident was unavoidable; and then that the accident was proximately caused by the negligence of appellants' decedent?

■ We are of the opinion that the appellants' last point, relating to the finding of no damages, may not properly be considered by this court for the reason that this appeal is presented to us without a statement of facts, and it is impossible for us to ascertain whether the jury finding of "None" on the damage issue is supported by the evidence. Consequently, the judgment of the trial court must be considered as being properly supported by the evidence.

■ The cases cited by appellants support the proposition that when the jury found the accident was unavoidable, or the result of no negligence, and then found that the acts of deceased were contributory negligence and a proximate cause of the accident, there is an inconsistent finding. However, in the case at bar the jury found no negligence on the part of defendant and, in fact, answered every issue in favor of defendant, thus acquitting defendant of all acts of negligence with which he was charged. "That being true," as stated in Big Six Oil Co., Inc. v. West, Tex.Civ. App., 136 S.W.2d 950, 954,

"what comfort can appellant get out of the fact that insofar as the issues touching upon his contributory negligence are concerned, the jury found it guilty of contributory negligence and at the same time found that the accident was unavoidable?"

It follows that the jury having absolved defendant Pence of all acts of negligence on which appellants relied for recovery, it matters not how the jury may have answered the issues inquiring into the alleged acts of contributory negligence on the part of appellants' deceased, or the issue on the question of the accident being unavoidable. Quoting further from Big Six Oil Co., Inc.:

"Whatever conflict there is, is wholly immaterial in the light of the plain findings which required a judgment for appellees."

The Supreme Court of Texas, in the case of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 986, has said:

"To require a judgment entered on a verdict containing conflicting answers * * * to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it."

The Supreme Court also cites Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, in which writ was refused, and which case sets up the test as follows:

"The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant."

In the Little Rock Furniture Mfg. Co. case, the Court held that it is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury in connection with the rest of the verdict, except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. As in the case at hand, the petitioner cannot meet this test because the jury has not made a finding in its favor on proximate causation. Appellee has cited numerous cases, all of which the court finds support or reaffirm the doctrine announced in the Little Rock Furniture case, as follows: Siratt v. Worth Construction Co., 154 Tex. 84, 273 S.W.2d 615; Halliburton Oil Well Cementing Co. v. Groves, Tex. Civ.App., 308 S.W.2d 919; Nichols v. Red Arrow Freight Lines, Tex.Civ.App., 300 S.W.2d 740; Nelson v. Dallas Railway & Terminal Co., Tex.Civ.App., 302 S.W.2d 436; Maynard v. Dallas Railway & Terminal Co., Tex.Civ.App., 291 S.W.2d 363, 365.

In the Maynard case the court said:

"There being no finding which would support a judgment for plaintiff, there was no irreconcilable conflict in the findings which required a mistrial, regardless of what the finding might be

on the issue of unavoidable accident. Under these circumstances, the jury having exonerated the defendant of all acts of negligence submitted or requested by plaintiff, judgment was properly rendered for defendant. If appellant's contention that there was no evidence that appellant's injury was caused by an unavoidable accident should be sustained the result would be the same."

In view of the authorities supporting the action taken by the trial court, we are of the opinion that the trial court committed no error in entering judgment for appellee and refusing to set aside the jury's verdict because of conflicts in findings.

In the absence of a statement of facts, this court is unable to ascertain whether the jury's findings of "no damages" is supported by the evidence, there being no evidence before this court to show that the jury was motivated in its finding of no damages by reason of prejudice, bias or other impropriety: Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; McCormick v. Southwestern Bell Telephone Co., Tex.Civ.App., 36 S.W.2d 1082; Robertson v. Humble Oil & Refining Co., Tex.Civ.App., 116 S.W.2d 820; Milburn v. Blum, Tex.Civ.App., 302 S.W.2d 671.

Further, in the case of Martin v. City of Corsicana, Tex.Civ.App., 130 S.W.2d 405, 408, the Court said:

"The court submitted to the jury issues in which it was asked what sum of money, if paid in cash, would reasonably compensate the plaintiffs for their damages. The jury answered each of these questions 'none'. Appellants contend that since the undisputed evidence was to the contrary, this shows, as a matter of law that the findings of the jury were governed solely by prejudice and bias and that plaintiffs have been denied a fair and impartial trial. In view of the findings of the jury upon the issues of negligence and contributory negligence, its

findings upon these issues became immaterial, and though the answers are contrary to the undisputed evidence, this alone does not show misconduct of the jury as a matter of law or require a new trial."

Finding no error, the judgment of the trial court is in all things affirmed.