**RED BALL MOTOR FREIGHT, INC., et al., Appellants,**

**v.**

**Clifton CORDOVA et al., Appellees.**

No. 6286.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 21, 1960.

Rehearing Denied Feb. 10, 1960.

Vinson, Elkins, Weems & Searls, Houston, H. L. Edwards, Nacogdoches, for appellants.

Fulmer, Fairchild & Badders, McAllister & Benchoff, Nacogdoches, for appellees.

McNEILL, Justice.

Billy Herbert Cordova, appellee, as plaintiff below, sued the Red Ball Motor Freight, Inc., and Lonnie Alfred Steptoe, appellants, for damages growing out of personal injuries sustained in a collision which occurred December 2, 1955, between a car being driven westerly along State Highway No. 21 in Nacogdoches County and a truck owned by Red Ball Motor Freight, Inc., and driven easterly along said highway by its employee Steptoe. Since appellee was 18 years old at the time of the collision his father, Clifton Cordova, was a party plaintiff but the judgment eliminated him from which there is no complaint. The Hartford Fire Insurance Company intervened as plaintiff seeking recovery under subrogation provided under the insurance policy for damages to the car involved in the accident. While it is an appellee, no brief was filed in its behalf and "appellee" hereinafter will be taken to mean Billy Herbert Cordova.

The case was tried to a jury and upon its verdict judgment was rendered in behalf of appellee in the sum of $45,490 and in behalf of Hartford Fire Insurance Company in the sum of $1,000 against appellants.

■ We are met at the threshold of this case with two motions made by appellee. The first is a motion urging that appellants have filed their brief in this court after the time provided by Rule 414, Texas Rules of Civil Procedure, and they failed to allege good cause for failing to file sooner. We have examined the motion and reply made thereto by appellants, and while it is doubtful whether appellants have set forth good cause for failing to sooner file their brief, the late filing has not delayed earlier submission of the cause in this court nor prejudiced appellee's opportunity for answering thereto. The motion to dismiss the appeal for failure to file appellants' brief in time is therefore overruled.

■ Appellee has also filed motion to strike appellants' Bills of Exception Nos. 2, 3, 4, and 5, which were included in a supplemental transcript and filed in this court May 8, 1959, urging that appellants failed to obtain proper extension of time in which to file them. While appellants have made an extensive reply to this motion, they have failed to urge any alleged errors in their brief that they contend were reflected by these Bills of Exception. Appellants therefore have waived any error that might have existed in these bills and appellee's motion is moot.

Passing to the merits of the appeal we find two points of error set forth in appellants' brief. The first point urges that the trial court erred in failing to grant appellants' motion for mistrial made during the voir dire examination of the jury panel, when in the presence of the panel one of appellee's attorneys, "stated to said jury panel that the Honorable H. L. Edwards, and Tom Mooney, had been stating that the trial of this cause was not going to cost Appellant, Red Ball Motor Freight, Inc., anything." We will set forth the pertinent parts of the various instruments appellants have used to bring forward this point in view of appellee's insistence that there is a fatal variance between their allegations and the proof thereunder. The statement of facts reflects that a motion for mistrial was made promptly upon the question addressed by counsel for appellee to a prospective juror * * * "if he had heard the statements which had been circulated to members of the Jury Panel by Mr. H. L. Edwards, who is counsel for the Defendants in this cause and by Mr. Tom Mooney, that the outcome of this case would not cost Red Ball Motor Freight anything and that he, Mr. Vernis Fulmer, counsel for Plaintiffs would never spend any of Red Ball Motor Freight's money by reason of the outcome of this case," urging he thereby indicated to all of the prospective jurors that some person other than Red Ball Motor Freight would pay any judgment which might be rendered

against it in this cause. The amended motion for new trial assigns error of the court in failing to grant the motion for mistrial because plaintiff's attorney had " * * * stated to said jury panel that the Honorable H. L. Edwards, one of the attorneys representing the defendants in this cause, and Mr. Tom Mooney, whom the evidence showed to be the local terminal manager for defendant, Red Ball Motor Freight, Inc., had been stating that the trial of this cause was not going to cost defendant, Red Ball Motor Freight, Inc." Appellants' first Bill of Exception brings forward the language actually used by Mr. Fulmer:

"Be It Remembered that upon the trial of the above entitled and numbered cause on the 9th day of June, 1958, while Mr. Vernis Fulmer, one of counsel of record for plaintiff, was conducting his voir dire examination of the jury panel, in the presence and hearing of the entire jury panel there assembled, asked a prospective juror whether he had heard Honorable Hosea Edwards or Mr. Tom Mooney going up and down the streets saying this boy, referring to plaintiff herein, Billy Herbert Cordova, would never spend any of Red Ball's money, the jury then being aware that the Honorable Hosea Edwards was counsel of record for defendants and Mr. Tom Mooney was local manager for Red Ball Motor Freight, Inc."

■ Thus we have the record on appellants' first point and upon this record appellants urge that the statement or question on the part of appellee's counsel informed the Jury Panel from which the trial jury was selected that Red Ball Motor Freight was covered by liability insurance. Appellee counters this first point upon several grounds. He urges first that the record fails to indicate that the motion for mistrial was ever presented to and acted upon by the trial court. We have failed to find and have been cited to no part of

the record indicating that this motion ever came to the attention of the court sooner than the time the amended motion for new trial was presented. We therefore think that appellants have failed to discharge their burden to show that the trial court was given timely opportunity to act upon the motion. In addition, no request was made to the court to instruct the panel not to consider the remark.

■ The above should dispose of the matter, but upon the view that appellants contend the implied reference to liability insurance was wilful and therefore error whether request for correction was made or not, we will further consider the question. As pointed out above, appellee urges that the description of the occurrence in the motion for mistrial and in the amended motion for new trial, and in appellants' first point, are not supported by what actually occurred as verified and reflected by the Bill of Exception above quoted, and for that reason we should not consider the point. While we do not think the connection between the allegations and the proof thereunder is all that is desired, for the present purpose we have assumed that appellants' point is sufficient to encompass the complained of language as reflected in the bill and have given consideration thereto. What is the purport and effect of the statement by Mr. Fulmer in his questioning of the prospective jurors in asking this juror whether he had heard the Honorable Hosea Edwards or Mr. Tom Mooney going up and down the streets saying this boy, referring to appellee herein, Billy Herbert Cordova, would never spend any of Red Ball's money? This cause was tried twice before. It was important to know whether any juror had heard any such remark that may have been made because it could have had influence upon him. Confidence begets confidence. In view of the language used and the setting in which it was made, we think that its reasonable meaning was one of an expression of confidence on the part of Messrs. Edwards and Mooney in their

case and a natural boast that Cordova would never win his suit; it was the natural expression of those who have faith in their cause. To say the least of it, this is as reasonable a meaning to be attributed to the language used as any other and because of this no error is shown. Siratt v. Worth Construction Co., Tex.Civ.App., 263 S.W.2d 842 (although this case was reversed by 154 Tex. 84, 273 S.W.2d 615, that court held the point did not disclose reversible error); Herrin Transportation Co. v. Petersen, Tex.Civ.App., 216 S.W.2d 245(3, 4) (W.R.)

■ Moreover, if it is assumed that the above language could convey the idea that defendant Red Ball Motor Freight, Inc., was protected by liability insurance, the record as a whole in this case has been examined to see whether this language was reasonably calculated to cause and probably did cause the rendition of an improper judgment. J. E. Lee, a juror, on hearing of the amended motion in new trial testified that some juror, during their deliberations, whose name he could not recall, said "I imagine or I assume they do have insurance", but the foreman, Rogers, immediately told the jurors that that had nothing to do with the case, and there was no further mention of the matter at all. Edward Rhodes testified that the juror, Packard, mentioned that a large company like Red Ball should have insurance; that Packard said Red Ball should have insurance and did not say that Red Ball did have insurance; that once the statement was made by Packard, it was immediately dropped and there was no further mention of it. The remainder of the jurors who testified stated that insurance was not mentioned or discussed at all during the deliberations of the jury. Also, at this hearing it appeared that there was originally a vast difference of opinion on the damages, one juror voting for $500,000, another being as low as $4,000. There was testimony that there was a "secret ballot" on damages, and apparently an effort to resolve the jury's difference of opinion by a "quotient verdict", but this effort failed because the quotient was $91,000, a figure which the jury could not and would not agree upon. The figure they finally arrived at was $45,000. Parenthetically, the amended motion for new trial contains no point that this amount was excessive.

On the question, also, of deciding who was in the right and who was in the wrong in bringing about the collision jurors testified that this involved considerable time. Edward Q. Youngblood, a juror, testified:

"Q. How long did it take you, Mr. Youngblood, to agree on who was at fault? A. Oh, we deliberated, I don't know what time he discharged the Jury here and we went into the jury room until we went home that night, then next morning.

"Q. Well, had you finished deciding who was at fault that first day? A. No, sir.

"Q. The jury deliberated some more about that the second day? A. Yes, sir.

"Q. Do you recall, Mr. Youngblood, if the jury had decided who was at fault by noon that second day? A. No, we hadn't.

"Q. It was still some time after noon? A. It was shortly after noon."

If the jury had had any fair assurance that liability insurance was protecting Red Ball Motor Freight, Inc., then under the expressions and holdings of our courts it is unreasonable to believe that so much time would have been devoted to the decision as to whose neglect brought about the collision and such wide divergence of the amounts of damages entertained by the various jurors. It was not shown, therefore, that the language complained of probably caused the rendition of an improper judgment. Roosth & Genecov Production Co. v. White, Tex.Civ.App., 281 S.W.2d 333 and authorities there cited.

758

■ In appellants' second point they contend that the trial court erred in failing to grant them a new trial because the jury and the members thereof were guilty of misconduct prejudicial to appellants. While the point is general, the statement thereunder sets forth several specific items which were in summaries of pertinent testimony of several jurors to the effect that there was mention made of liability insurance upon the truck line, that it was a big corporation; that income taxes and attorneys' fees may be deducted from any recovery. However, a majority of the jurors stated no such references or discussion occurred, and the conflict in testimony having been by the trial court resolved against appellants, his decision will be upheld on appeal. Monkey Grip Rubber Co. v. Walton, Tex.Com.App., 122 Tex. 185, 53 S.W. 2d 770; Buckalew v. Butcher-Arthur, Inc., Tex.Civ.App., 214 S.W.2d 184, 200 (by this court); Trice Contract Carpets & Furn. Co. v. Gilson, Tex.Civ.App., 329 S. W.2d 476.

■ The above four items of alleged misconduct of the jury were specifically set forth in appellants' amended motion for new trial. However, during hearing thereon one of the jurors testified that the first matter the jury decided was who was right and who was wrong and that after discussing the entire evidence with much deliberation thereon, they decided appellant Red Ball Motor Freight's truck driver was at fault and then answered the issues favorably to appellee. Appellee promptly objected to this testimony on the ground that no such alleged misconduct was set forth in the Amended Motion. The court sustained the objection. The same objection was made to the testimony of another juror and sustained. No error unless specifically assigned in the motion for new trial may be urged on appeal. Rule 320, T.R.C.P.; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407. See, also, Finto v. Texas & N. O. R. Co., Tex.Civ.App., 265 S.W.2d 606, 608; McDonald, Texas Civil Practice, Vol. 3, Sec. 1412, pp. 1245–1246.

■ However, from the bills of exception and the testimony that appeared on this question in the Statement of Facts on the motion for new trial, even if the proper allegation had been made, we cannot agree with appellants that reversible error was shown on the immediate question. While the jury did discuss the question first of who was to blame for the accident they did it in considering the entire evidence in connection with the issues submitted to them. It was shown in the testimony, too, that after deciding who was "right" and who was "wrong", that the jury took up each issue separately, considered the evidence bearing thereon and then answered the issue therefrom. No error is shown. Monkey Grip Rubber Co. v. Walton, supra; Buckalew v. Butcher-Arthur, Inc., supra.

The judgment is affirmed.