**F. & C. ENGINEERING COMPANY, Appellant,**

v.

**Carl WALL et al., Appellees.**

No. 6500.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 4, 1962.

Rehearing Denied Oct. 31, 1962.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Alto V. Watson, J. R. Beck, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

This suit is for damages to a motor vehicle. On the morning of July 27, 1956, a driver of appellees was operating a concrete mixer truck over State Highway 73 when he ran into a "cut-out" or ditch extending across said highway. This portion of the highway was under construction by appellant. There was no flagman, lights, or barricades at the approach to said ditch. Trial to a jury resulted in a verdict and judgment for appellees in the sum of $12,-150.00.

In substance are the pertinent jury answers to special issues submitted:

"The appellant allowed the ditch to remain open in the knowledge that the roadway was being used by vehicles. The appellant failed to erect a barricade, maintain a flagman or lights on either side of the ditch."

Each of the foregoing acts and omissions was found to be negligence and a proximate cause of the damages.

In response to appellant's defensive issues, the jury found:

"The driver did not fail to keep a proper lookout; was not driving at an excessive rate of speed, and was not negligent in sooner applying his brakes just before the accident."

For a better understanding of appellant's 29 points of error, the following statement from the record will be helpful. Most of the material testimony is undisputed:

Appellant was constructing the highway in question under a contract with the Texas State Highway Department. It was buying much of its ready mixed concrete from appellees who were to deliver the same in concrete mixer trucks of the nature involved in the accident. The facts immediately preceding and surrounding the accident are largely without dispute and come from appellees' driver, Don Westmoreland, who was driving the truck on the occasion of the accident. The truck was loaded with mixed concrete and the vehicle and load weighed in excess of 50,000 lbs. Most of the roadway proper was covered with a dark asphalt topping, twenty-four feet wide. The driver was proceeding west immediately before the accident when he perceived a pile of white shell upon the middle of the roadway in front of him. The right-of-way of the highway was 170 feet wide at this place. The roadbed itself at this point was 70 feet wide. The driver could see the shell pile "a long ways" before he saw the ditch. He first saw the ditch into which he wrecked the truck at a distance of about 50 feet from him when his rate of speed was about 45 miles per hour. He immediately started applying his brakes and at the time he plunged into the ditch he had slowed his vehicle to about 35 miles per hour. This ditch, extending across the entire 70 feet of the roadbed, had been dug by appellant who had placed a 70 foot steel culvert pipe, 38 inches in diameter, in the same and covered it with dirt, though not flush with the topped surface of the roadway. The ditch was 8 to 10 feet wide and 2 to 2½ feet deep from the surface of the road to the fill dirt above the pipe, and extended all the way across the 70 foot roadbed as aforesaid. Approaching from the east in a westerly direction it was dif-

ficult to discern the ditch, for the fill dirt in it, and the sides of the same, was about the same dark color of the black topping on either side of it. The driver knew that the road was under construction, having passed a barricade some 2 or 3 miles behind him where he entered upon the roadway. He had no knowledge of the ditch. This barricade with the sign "open to limited traffic only" was not across the road, however, but was removed to one side so as to permit vehicular traffic such as appellees' trucks and farmers living adjacent thereto. The driver testified that he clearly saw the pile of shell, which was 10 or 15 feet west on the opposite side of the ditch; that he could easily have driven around this pile of shell, there being plenty of room to do so on the left side thereof, and had intended doing so, but that although he was observing the road in front of him, he did not see the ditch in time because of the similarity in color of its banks and fill dirt to that of the black topping upon the surface of the road. One of the appellee-owners of the truck, as did Mr. Moon, appellant's superintendent of construction, testified to this similarity in color. Mr. Moon also stated that there was ample room on either side of the shell pile for a vehicle to have driven around it.

Under its first four points of error appellant urges that the court erred in overruling its motion for instructed verdict because, first, its only duty was not to willfully and wantonly damage appellees and, second, it violated no duty owing appellees because of the knowledge of their driver that the highway was under construction, and the existence of the ditch should have been observed by him and the hazards incident thereto fully appreciated.

Appellant admits that it has been unable to find any case in direct support of its first contention, but nevertheless submits that support for such contention is found in such cases as Driver v. Worth Construction Co., 154 Tex. 66, 273 S.W.2d 603 and Siratt v. Worth Construction Co., 154 Tex.

84, 273 S.W.2d 615. These cases are not in point inasmuch as they concern trespassers who were wrongfully driving upon roadways under construction.

In connection with appellant's second contention above it asserts that the driver had ample warning inasmuch as he knew the roadway was under construction and could see the pile of shell. It asserts the correct principle of law that even in cases of latent, concealed and adherent defects, the liability of the owner or occupier of premises is not absolute and unconditional. It also cites Robert E. McKee, General Contractor, Inc. v. Patterson, 153 Tex. 517, 271 S.W.2d 391, as supporting its position. The facts of this case are also distinguishable from those of the case at bar. There plaintiff-invitee was denied recovery against an occupier of premises for the reason that the dangers of the same were open and obvious. Here the danger was camouflaged and hidden to one approaching from the east. The decision of Schawe v. Leyendecker, Tex. Civ.App., 269 S.W. 864, n. w. h., is also distinguishable on the facts.

Appellant had the duty to use due care to provide a safe place for appellee's truck drivers to operate. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853. It did not fulfill this duty. Appellees' driver did not see the ditch until he was some 50 feet of it because of the conditions and reasons aforesaid. The pile of shell itself was not warning of the presence of the ditch, because it was some 15 feet to the west of the same, on the opposite side and only covered a part of the roadbed. It appears that the pile of shell actually served as a distraction to appellees' driver because as he approached the ditch he observed the shell and planned to go around it to the left. Appellant's first four points are overruled.

Under its remaining twenty-four points of error the appellant either asserts there was no evidence to sustain the jury find-

ings hereinbefore set out, or asserts that the evidence was insufficient to sustain such findings, they being clearly against the great weight and preponderance of the evidence. In connection with these last points, it makes no further argument of consequence, but contents itself by adopting the statement, argument and authorities set forth under its first four points of error.

It would serve no useful purpose for this court to restate the evidence in the record. That which has heretofore been stated is the only material evidence and it refutes appellant's contentions. Therefore, we likewise adopt our foregoing statement and conclusions and overrule appellant's. last points of error.

Judgment affirmed.