**Ella Marie YANCY, Individually and as next friend for Carolyn Ann Yancy, a Minor, Appellants,**

v.

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

**No. 314.**

Court of Civil Appeals of Texas.

Tyler.

July 20, 1967.

Phenix & Wilder, Bill Wilder, Henderson, for appellants.

Otto A. Ritter, Fred Erisman, Longview, for appellee.

PER CURIAM.

## ON APPELLEE'S MOTION FOR REHEARING

Earlier in this term we overruled appellee's motion to dismiss this appeal for the want of prosecution pursuant to Rules 414 and 415, Texas Rules of Civil Procedure.

Appellee has filed its motion for rehearing, accompanied by its brief in support of said motion, in which it contends this court erred in overruling its motion to dismiss for the lack of prosecution because the appellants (1) have failed to timely file their brief as required under Rules 414[1] and 415,[2] T.R.C.P.; (2) have made no effort to show good cause for the failure to file their brief; and (3) have failed to overcome the presumption of injury to appellee as a result of their failure to timely file their brief.

## STATEMENT OF THE FACTS

Upon a hearing of appellee's plea in abatement, judgment was granted dismissing appellants' alleged cause of action. From this judgment the appellants timely perfected their appeal to this court.

Appellants timely filed their transcript and statement of facts on May 16, 1967, and May 22, 1967, respectively. Thereafter, on June 26, 1967, appellants filed their brief in this court. On June 28, 1967, appellee filed its motion to dismiss the appeal. Simultaneously therewith, appellee also filed its motion for an extension of twenty days in which to file its brief, from the date the court enters its order on the mo-

---

1. Briefs of each party shall be subscribed by at least one of his attorneys, shall give the post-office address of each attorney whose name is signed thereto, and shall state that a copy of such brief has been delivered or mailed to each group of opposing parties or counsel thereof. Appellant shall file three copies of his brief in the Court of Civil Appeals within thirty days after the filing therein of the transcript and statement of facts, if any, having theretofore delivered or mailed an additional copy to opposing parties or their counsel. Appellee shall file three copies of his brief in said court within twenty-five days after the filing of appellant's brief and at the same time deliver or mail an additional copy to each group of opposing parties or counsel thereof. Any Court of Civil Appeals may by rule permit the filing there-in of a less number of briefs. Upon good cause shown, the Court of Civil Appeals may grant either or both parties further time for filing their respective briefs, and may extend the time for submission of the case. The court may also shorten the time for filing briefs and the submission of the cause in case of emergency, where in its opinion the needs of justice require it.

2. When the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution unless good cause is shown for such failure and that appellee has not suffered material injury thereby. The court, may, however, decline to dismiss the appeal, whereupon it shall give such direction to the cause as it may deem proper.

tion to dismiss, in the event said motion to dismiss is overruled.

On July 6, 1967, this court overruled appellee's motion to dimiss without written opinion and on same date granted appellee the extension of time within which to file its brief as requested.

At no time prior to the filing of the brief did appellants request an extension of time, nor have they ever alleged or attempted to show any good cause whatsoever for the delay.

■ Under Rules 414 and 415, power of Courts of Civil Appeals to allow late filing of brief is not limited to instances where good cause may be shown unless late filing would result in material injury to opposite party, and late filing may be allowed where opposite party will not be injured even though good cause is not shown or a formal motion filed. When construed together, Rules 414 and 415 mean that Courts of Civil Appeals *may* allow late filing of brief if no injury results to opposite party and *must* do so if good cause is shown and no harm results to opposite party. Poser v. Gene Mohr Chevrolet Company, 377 S.W.2d 732, (Tex.Civ.App., Houston, 1964, reversed on other grounds, 384 S.W.2d 335); see also Texaco, Inc. v. Joffrion, 363 S.W.2d 827, (Tex.Civ.App., Texarkana, 1962, writ ref., n. r. e.). In the Poser case, as in the instant case, the appellant did not timely file his brief and did not request an extension of time, nor attempted to show any good cause whatsoever for his failure to timely file his brief.

■ We are not required, as a matter of law, to dismiss the appeal for want of prosecution because appellants have not complied with Rule 414, requiring the timely filing of their brief. Hoke v. Poser, 384 S.W.2d 335, (Tex.Sup., 1964).

■ As this court has heretofore granted appellee's motion for extension of time within which to file its brief and as the case has not been set for submission, the late

filing has not delayed earlier submission of the cause in this court nor prejudiced appellee's opportunity for answering thereto. Red Ball Motor Freight, Inc. v. Cordova, 332 S.W.2d 753, (Tex.Civ.App., Beaumont, 1960, n. w. h.).

We adhere to our original action in overruling appellee's motion to dismiss and therefore we respectfully overrule appellee's motion for rehearing.