Leroy BEBEE, Sr., Individually and as Next Friend of Barbara Jean Bebee, Appellant,

v.

Wilma D. WILLIAMS, Appellee.

No. 5953.

Court of Civil Appeals of Texas.

El Paso.

July 24, 1968.

Rehearing Denied Sept. 18, 1968.

Ronald Calhoun, Kessel & Ross, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit for injuries sustained by appellant's five year old daughter, a pedestrian, when she was struck by appellee's car while crossing the street. Judgment for the defendant-appellee Williams was based on a jury verdict which found all acts of primary negligence in favor of the defendant and certain acts of contributory negligence against the five year old girl. We are of the opinion that no reversible error is presented and that the judgment should be affirmed.

Appellant does not question the findings of the jury that the defendant was not guilty of any acts of negligence, but does assign error as to the contributory negligence issues, saying first, that it is the law of Texas that a five year old child cannot be guilty of contributory negligence, so that the court erred in submitting such issues; and secondly, such submission of erroneous issues prejudiced him before the jury in that it amounted to a comment on the weight of the evidence.

Assuming, but not deciding, that it was error to submit the contributory negligence issues, we are unable to conclude that such submission amounted to a comment on the evidence touching on the issues by which the jury found that the defendant was not negligent. Obviously no judgment can be rendered against the non-negligent defendant, as found by the jury, unless it can be demonstrated that such findings resulted from the comment of the court in our presumed error of submitting contributory negligence issues. The jury was asked to determine if the defendant was negligent in regard to sounding her horn, applying her brakes, keeping a proper lookout, and driving at an excessive rate of speed. The contributory negligence issues which are urged as commenting on the evidence asked the jury to determine if the child was negligent as to running into the street in front of the car, keeping a proper lookout, crossing at an unmarked crosswalk, and failing to yield the right of way. We have simplified the issues in the above statements, for they were properly broken down as to the act, negligence and causation. Simply looking at the two sets of issues, one inquiring as to the defendant's conduct and the other inquiring as to the conduct of the other party, it does not appear that the inquiry as to one party's actions comments on the evidence surrounding the actions of the other party. To hold that it does, would seem to require an assumption that the jury violated its instructions and decided who should win by weighing the conduct of one against the other, rather than answering each question from the evidence material to it. As to this, the jury was specifically instructed by the court: "You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers." Having determined that the trial court's action did not amount to a comment on the evidence, it becomes immaterial how the jury may have answered the issues on contributory negligence, because no judgment could be rendered against a non-negligent defendant. Hopkins v. Pence, Tex. Civ.App., 322 S.W.2d 321; Big Six Oil Co. Inc. v. West, Tex.Civ.App., 136 S.W.2d 950. It is not thought necessary, then, to discuss the appellant's points regarding the sufficiency of the evidence on appreciation

of danger by the child as to the contributory negligence issues.

Appellant assigns error in the failure of the court to submit requested issues on a pleaded theory of discovered peril. The series of four issues would have inquired whether the child was in a position of peril, whether the driver discovered and realized it, then failed to use ordinary care, and such failure was a proximate cause.

As to some of the necessary elements of discovered peril, reasonable minds could not differ that they are not present, and all being necessary, we are of the opinion that the court did not err in refusing to submit the issues. Rule 279, Texas Rules of Civil Procedure requires the court to submit the controlling issues raised by the pleadings and evidence. In this case we have carefully reviewed the evidence and conclude that the issue of discovered peril was not raised by the evidence.

All assignments of error have been considered and all are overruled.

The judgment of the trial court is affirmed.