John R. GOBEL et ux., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 15622.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 14, 1970.

Rehearing Denied June 18, 1970.

COLEMAN, Justice.

This is a suit for damage sustained in a collision, which happened while appellants' vehicle was stopped at a traffic control signal. A judgment for the appellees was entered on the verdict of a jury, after the court instructed for the City on the basis of governmental immunity. This accident happened prior to the effective date of the Texas Torts Claim Act.

John R. Gobel, his wife, and child were stopped for a traffic light on Montrose Boulevard in Houston, Texas, when their vehicle was struck from the rear by a vehicle owned by the City of Houston and driven by Lloyd Louis Atkins.

Atkins was employed by the City of Houston. He worked at Ben Taub Hospital as supervisor of motor service. His duties included the transportation of patients to Jeff Davis Hospital and carrying interoffice mail and regular mail to the City Hall for different City departments and to the post office substation located there. He would also pick up the hospital mail from its postoffice box and bring it back to the hospital. At the time of the accident he was on his way to the City Hall with interoffice mail.

Atkins testified that he was proceeding in a line of traffic several car lengths back of the car immediately in front of him. He saw the traffic begin to slow down and he decreased his speed. When he saw the cars stop for the traffic light, he applied his brakes normally and the brake pedal went to the floor. At that time he might have been about three car lengths behind appellants' car. When he had stopped for a red light about two blocks back, he had a "full pedal". He had been driving this car about half time for several months.

When the brake pedal went to the floor he became nervous. He did not apply the emergency brake. There was traffic on his left. To his right there was a curb, sidewalk, and a doctor's office. He

John H. Holloway, Houston, for appellants.

Wm. A. Olson, City Atty., Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellees.

couldn't turn either to the right or left. He did not have time and he was nervous.

When the wrecker picked up his car, he could see where the brake fluid had run down on one of the wheels. The brake failure was caused by a break in the line. He told Mr. Gobel that his brakes failed. Mr. Gobel tested them and considered that the brakes were not completely useless. He though that Atkins could have stopped.

During the preceding five years Atkins had not been involved in any previous accidents. He had received one moving violation ticket while driving a City vehicle and one while in his own vehicle.

The jury refused to find that Atkins failed to apply his brakes in a proper manner, or failed to keep a proper lookout, or was operating the vehicle at a negligent rate of speed, or that he negligently failed to turn his vehicle to the right or to the left so as to avoid the collision.

The court submitted no issues concerning possible negligence on the part of the appellant. The jury found that the collision was not the result of an unavoidable accident.

Appellants contend in Point 3 that the trial court erred in denying their motion to disregard the answer of the jury to Special Issue One and in refusing to enter judgment in their favor on the answers to the other issues. This motion is based on their contention that the evidence establishes as a matter of law that Atkins was negligent in not properly applying his brakes, and that this negligence was a proximate cause of the collision as a matter of law. In turn this contention is based on the fact that the jury found that the accident was not unavoidable, and on the fact that there was no evidence of negligence on the part of appellants. Appellants reason that the jury rejected Atkins' testimony of sudden brake failure which was his only explanation for the collision.

■ This reasoning cannot be adopted by the court. There is evidence which supports the answer returned to Special Issue One. We do not speculate on the reasoning leading the jury to answer the issues as they did. Since there is evidence to support the answer to Special Issue One, the trial court cannot disregard it. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948).

■ When we consider all of the evidence concerning the issue on application of the brakes, we cannot say that the jury's answer to the issue is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The credibility of the witnesses and the weight to be given their testimony are primarily matters for jury determination.

■ Appellants also attack the jury's finding as to proper lookout. The answer made by the jury is fully supported by the testimony. There is testimony that Mr. Atkins was watching the traffic at all material times, and there was testimony that he told Mr. Gobel that he "looked off and his brakes had failed." While inferences to support a finding of failure to keep a proper lookout might be drawn from his conduct, such inferences are not compelled. If his brakes did fail suddenly, a momentary inattention would not necessarily constitute a proximate cause of the collision.

■ The refusal of the jury to find that Mr. Atkins' failure to turn to his left or right so as to avoid the collision was negligence is attacked also. Here again there is evidence sufficient to support the answer of the jury. There was little time for evasive movement after Mr. Atkins realized that his brakes had failed. The jury might well feel that there was not sufficient time for him to determine whether a movement to the right or to the left could be made with relative safety, and then to execute the movement. The ques-

tion of what a person of ordinary prudence, in the exercise of ordinary care, would have done under the same or similar circumstances is peculiarly one for the jury.

■ There was no irreconcilable conflict between the answers made by the jury to the issue on unavoidable accident and the issues on negligence, even though these answers may appear to be inconsistent considering the definition of unavoidable accident. The test for irreconcilable conflict, stated in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, and restated in Siratt v. Worth Construction Company, 154 Tex. 84, 273 S.W. 2d 615 (1954), applied to the facts of this case, is conclusive. There is no finding of negligence. Whether the answer to the issues on negligence, or the answer to the issue on unavoidable accident, is disregarded, a judgment for the defendant would follow if full effect is given to the issues remaining. The answer to the issue on unavoidable accident is immaterial. Washington v. Griffin, 427 S.W.2d 136 (Tex.Civ.App.—Houston, 1st Dist., 1968, writ ref., n. r. e.); Bebee v. Williams, 431 S.W.2d 773 (Tex.Civ.App.—El Paso 1968, writ ref., n. r. e.); Smith v. Morgan, 235 S.W.2d 938 (Tex.Civ.App.—San Antonio 1950, writ dism'd).

■ The trial court properly granted the City of Houston's motion for instructed verdict. The City was not liable in damages for injuries inflicted through the negligence of an employee engaged in work properly characterized as a governmental function. The operation of a hospital by the City is a governmental function of the City. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (1937);

Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879 (Tex.Com.App.1937).

Mr. Atkins was delivering hospital mail at the time of the collision. This was one of his duties as an employee of Ben Taub Hospital. He was engaged in hospital business, a governmental function of the City. His work pertained to those acts or functions of the City performed as the agent of the State in furtherance of general law for the interest of the public at large, as distinguished from those acts and functions intended primarily for the benefit of those within the corporate limits of the City. The collection and delivery of mail in this instance did not aid the City in the performance of a proprietary function, but rather it aided in the performance of a governmental function. City of Amarillo v. Ware, 120 Tex. 456, 40 S.W. 2d 57 (1931); City of Houston v. Wolverton, 154 Tex. 325, 277 S.W.2d 101 (Tex. 1955).

■ Appellants alleged that the City was negligent in entrusting its vehicle to an incompetent driver and now contend that the trial court erred in taking the case from the jury since there was some evidence that the driver was incompetent. It is not necessary to determine whether the fact that over a five year period the driver had received two traffic tickets constitutes sufficient evidence of incompetence to require the submission of issues to a jury. In the selection of the driver for employment the City was exercising a governmental function. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (1937); Mayes v. City of Wichita Falls, 403 S.W.2d 852 (Tex.Civ.App.—Ft. Worth 1966, writ ref., n. r. e.).

The judgment is affirmed.