**Antonio GONZALEZ, Sr., Individually and as Next Friend of Antonio Gonzalez, Jr., Appellant,**

v.

**Cecil Eugene PERRY, Appellee.**

No. 14370.

Court of Civil Appeals of Texas.

San Antonio.

April 14, 1965.

Rehearing Denied May 12, 1965.

Putman & Putman, San Antonio, Jose R. Gonzalez, Del Rio, for appellant.

Hardeman, Smith & Foy, San Angelo, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Val Verde County by Antonio Gonzalez, Sr., individually and as next friend of his minor son, Antonio Gonzalez, Jr., against Cecil Eugene Perry, seeking to recover damages for personal injuries to his son when struck by an automobile driven by Perry. The trial was to a jury and resulted in judgment that plaintiff take nothing, from which judgment plaintiff below has prosecuted this appeal.

The jury in answer to Special Issue No. 7 found that Antonio Gonzalez, Jr., at the time and place in question failed to keep such lookout for vehicles traveling west on East Garza Street as an ordinarily prudent person would have kept under the same or similar circumstances, and in answer to Special Issue No. 8 found that such failure was a proximate cause of the accident in question. Appellant contends that there is no evidence to support these findings. In considering this point we must view the evidence in the light most favorable to the findings of the jury.

It appears that Antonio Gonzalez, Jr., a boy sixteen years of age, and his companion, Sam Lopez, were jogging down the center of East Garza Street, going in a westerly direction toward the San Felipe High School. They were jogging and trotting down East Garza Street under instructions of the track coach of the school where they were students. The defendant below, who is appellee here, was driving his automobile on East Garza Street at about 30 or 35 miles per hour and was approaching Gonzalez and Lopez from the rear. As Perry came over a small hill in the road he saw Gonzalez and Lopez trotting down the center of the street. East Garza Street is unpaved, and is about forty or forty-five feet wide. There is no curb but the street is well defined by a furrow or ditch. The low brush and rocks along the sides make it impracticable for a pedestrian to travel anywhere but on the street itself. The street is flat and leval except of a small hill or rise about 120 to 125 yards from the place where Antonio Gonzalez, Jr., and Sam Lopez were running or trotting. As Perry approached the two boys he honked his horn. Lopez looked back and began to veer to the right side of the street. Gonzalez did not look back, but continued down the middle of the street. When Perry saw Lopez move into his right-hand lane of the street he turned his car to the left, thinking that he could only pass the boys in the left-hand lane. Just as he got opposite Gonzalez, he either fell, or ran to his left and hit Perry's automobile on the right side near the windshield. There was nothing to indicate that the front of the automobile struck Gonzalez. Very severe and permanent injuries were inflicted upon the head and body of the Gonzalez boy.

It has been definitely decided in this State that a pedestrian under certain circumstances and surroundings must keep a lookout to his rear for approaching automobiles. Plata v. Gohman, Tex.Civ.App., 359 S.W.2d 163. In that case this Court in a divided opinion held that Plata, who was walking along the extreme left edge of the road, was required to keep a lookout to his rear for approaching vehicles, where he had some warning that one was approaching. The writer of this opinion dissented in that case, but the Supreme Court refused an application for a writ, n. r. e. There were more circumstances requiring Gonzalez to keep a lookout to his rear for the approaching vehicle than in the Plata case. Here the two boys were running down the

middle of the street. When the horn was sounded, Lopez, who was the front runner, turned to his right and occupied the right-hand lane of the street, and Gonzalez, who was running behind him, is presumed to have seen Lopez turn into the right-hand lane. Thus Gonzalez knew that a vehicle was approaching from his rear and that Lopez was in the right-hand lane of the street. This should have been sufficient to cause Gonzalez concern as to the side on which the vehicle would attempt to pass. He did not look to the rear, but continued on down the center of the street. When the vehicle was about even with him, he turned into the left-hand lane and collided with the side of the vehicle. The evidence was sufficient to support the jury's answer to Special Issue No. 7, to the effect that Gonzalez failed to keep a proper lookout for his own safety, and its answer to Issue No. 8, that such failure was a proximate cause of the collision. 4 Tex. Jur.2d 390–395, § 837; 7 Am.Jur.2d, § 401, p. 950. Appellee, Perry, was not negligent as a matter of law in attempting to pass these boys on his left-hand side of the street when Lopez had moved over into and occupied the right-hand lane. Reddick v. Longacre, Tex.Civ.App., 228 S.W.2d 264, ref. n. r. e.; Killen v. Stanford, Tex.Civ.App., 170 S.W.2d 792, ref. w. o. m.; Dixie Motor Coach Corp. v. Swanson, Tex.Civ.App., 41 S.W.2d 436.

■ In the absence of any proof to the contrary, Antonio Gonzalez, Jr., will be presumed to have had normal hearing and vision, Texas Emp. Ins. Ass'n. v. Birdwell, Tex.Civ.App., 39 S.W.2d 159; and he is presumed to have heard the horn and to have seen Sam Lopez look to his rear and move over into the right side of the street. Thus the jury was justified in believing that Gonzales should have looked back and determined the location of the approaching vehicle, and then have taken proper precaution for his own safety.

The jury convicted the Gonzalez boy of contributory negligence by its answers to Special Issues Nos. 7 and 8, which we have held were supported by sufficient evidence, and thus the trial court could have rendered no other judgment than the one it did.

■ However, the jury, by its answers to Special Issues Nos. 9, 10 and 11, found the Gonzalez boy guilty of contributory negligence in another particular, in that he was not running next to the left-hand edge of East Garza Street when the accident occurred, that his failure to do so was negligence, and a proximate cause of the accident. Sec. 81, Art. 6701d, Vernon's Ann. Civ.St., imposes a duty upon a pedestrian walking or running along a highway in the following language:

"Sec. 81. (a) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

"(b) Where sidewalks are not provided any pedestrian walking along and upon a highway shall when possible walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction.

"(c) No person shall stand in a roadway for the purpose of soliciting a ride from the driver of any vehicle."

The question is, does this article require a pedestrian to walk or run on the left-hand edge of the highway, or only in the left-hand lane? To put it another way, is a pedestrian who is walking or running on the left-hand side of the highway, a foot or two from the center line, complying fully with the above section?

The only common sense meaning that can be given to Sec. 81, supra, is that a pedestrian must walk near the left edge of the highway or out on the shoulder. It would be an absurd construction of Sec. 81, supra, to hold that a pedestrian can walk anywhere he pleases, so long as he is left of the center line of the highway. When the Legislature intended to describe that portion

of a highway which lies to the left of the center line, as distinguished from the left edge of the highway, it used different language from that found in Sec. 81. For example, in Sec. 52 of Art. 6701d, supra, it provided that the driver of a vehicle shall drive "upon the right half of the roadway." In Sec. 56 of this same article we find the language, "the left side of the center of the roadway."

Special Issues Nos. 9, 10 and 11 were not subject to the criticism urged against them by appellant.

The judgment of the trial court is affirmed.