**Orvis J. POOLER et al., Appellants,**

v.

**Charles E. KLOBASSA, Appellee.**

**No. 14565.**

Court of Civil Appeals of Texas.

San Antonio.

March 29, 1967.

Hope, Henderson & Hohman, San Antonio, for appellants.

Hobart Huson, Jr., San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Orvis J. Pooler and Ella Mae Lee, joined by her husband, James Lee, brought this suit against appellee, Charles E. Klobassa, to recover damages under the Wrongful Death Statute (Arts. 4671–4678, Vernon's Ann.Civ.St.) for the death of their sixteen-year-old son, Kenneth N. Pooler. The jury found primary negligence and damages against appellee, however, a take-nothing judgment was entered on jury findings of contributory negligence of the deceased.

On January 3, 1965, at about 8:00 p. m., Kenneth and his friend, Mike Follette, were both struck by appellee's car which was proceeding west on Bandera Road in the City of San Antonio. The two boys were walking west on the north side of the roadway at the time they were struck. The point of impact, that is, whether same was on or off the paved portion of the roadway, was a vigorously disputed issue. Mike testified that he and Kenneth were walking about three feet off the pavement, with Kenneth on his left, when they were suddenly struck from behind. Appellee testified that he was proceeding west in the outside lane of this four-lane road at the time of the impact. Neither Mike nor appellee saw the other prior to the impact. There were two other

witnesses to the incident, but neither was able to determine the point of impact.

Appellants' first point complains of the trial court's action in permitting the police officer, Joe Valadez, to give his opinion as to the point of impact and the cause thereof based upon conjecture and speculation. Valadez was parked in his squad car about a block east of where the boys were struck. Valadez observed appellee's car as it passed him, and he testified there was nothing unusual about its operation, other than it was going just over the legal speed of 45 mph. As appellee's car proceeded on west, Valadez saw it suddenly veer to the right and then back to the left. Valadez anticipated that something had happened, although he did not actually see an accident, and he immediately started after the car. As he neared the scene of the accident, he saw Mike's body near the pavement and Kenneth's body about 120 feet further west. Appellee's car went about 100 feet beyond Kenneth's body and was backing up at the time Valadez stopped near Kenneth's body.

Valadez testified without objection that Kenneth's body was about 120 feet west of the point of impact and Mike was near "the designated point of impact." Appellee's attorney then asked if he determined the point of impact relative to the pavement. On voir dire examination by appellants' counsel Valadez freely admitted that he had been unable to determine from his investigation whether the impact had occurred on or off the pavement. There was no debris or tire marks. His designated point of impact was based entirely on the assumption that Mike was lying near the point of impact. Valadez testified that he "didn't know how far—if he might have knocked the body any distance or if they might have fell out when he hit them, so, *strictly a guess*, I guessed that Mr. Follette was not knocked any distance. In other words, where he was laying we took as the point of impact." He also was permitted to testify that there was a thorny bush growing just off the pavement "and we just *made a guess* that they probably

might—at this point might have walked around the bush onto the pavement." (Emphasis added.)

■■■ The trial court erred in admitting this testimony. There was no showing that the officer determined the point of impact as a result of his investigation. Cf. Mesa Trucking Co. v. King, Tex.Civ.App., 376 S.W.2d 863, writ ref'd n. r. e. Rather, it was admittedly based entirely upon conjecture and speculation. The applicable rule is set forth in 2 McCormick & Ray, Texas Law of Evidence, § 1399, as follows: "The general theory upon which opinions of lay witnesses are received likewise excludes opinions which are purely speculative or conjectural in their nature. Thus, the surmise or supposition of a witness with regard to some fact as to which he is no better equipped than the jury to draw inferences, is inadmissible." See also: Flores v. Missouri-Kansas-Texas R. R. Co., Tex.Civ. App., 365 S.W.2d 379, writ ref'd n. r. e.; Flores v. Barlow, Tex.Civ.App., 354 S.W.2d 173, writ ref'd n. r. e.; Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, writ ref'd n. r. e.; Koonce v. Perales, Tex.Civ.App., 268 S.W.2d 683, no writ; Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509, no writ. Furthermore, it cannot be said that appellants invited this testimony by asking the officer on voir dire if he could determine the point of impact other than by speculation and guesswork.

We cannot say, however, after an examination of the entire record that this error amounted to such a denial of the rights of appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

Valadez freely admitted, both on direct and on cross-examination, that he was unable to determine the point of impact and was simply making a guess. In view of this frank admission, we cannot see that this testimony was of much value to the jury or could have influenced them in any event. Particularly so as compared to the testimony

of Valadez and Mr. Popham, a witness called by appellants, that they made a careful examination on several occasions and neither was able to find any tire marks to show that appellee's car had left the pavement before the accident. Mr. Popham testified that when he saw the brake lights come on, appellee's car was in or near the right-hand driving lane. The car was not veering when it passed Valadez. There was testimony that appellee's car would have veered to the right when it struck the boys. The photographs clearly demonstrated the thorny bush and the location of the two boys after the accident. The rank speculation of Valadez added nothing to what the jury was able to see for itself from the admissible evidence in the case. We therefore conclude that although this evidence related to a crucial issue, the erroneous admission was harmless. Rule 434, Texas Rules of Civil Procedure.

The jury found that Kenneth failed to keep a proper lookout; that he negligently failed to walk on the left side of the highway or its shoulder, and that he walked along the shoulder near the paved portion of the highway in a manner contrary to the way an ordinarily prudent person would have done under similar circumstances. Each of these acts of contributory negligence was found to be a proximate cause of the occurrence in question.

█ Appellants complain that the trial court erred in submitting the lookout issue since there was insufficient evidence to warrant the submission of same and furthermore the deceased owed no duty to keep a lookout to his rear. These are "no evidence" points. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965).

It is significant that the boys were not walking on the left side of the roadway or its shoulder facing traffic from the opposite direction as required by Art. 6701d, § 81 (b), Vernon's Ann.Civ.St. The evidence is uncontroverted that the headlights on appellee's vehicle were burning, however, there is no evidence to indicate that Kenneth saw same prior to being struck. In Gonzalez v. Perry, Tex.Civ.App., 390 S.W.2d 382, writ ref'd n. r. e., this Court said: "It has been definitely decided in this State that a pedestrian under certain circumstances and surroundings must keep a lookout to his rear for approaching automobiles." In Plata v. Gohman, Tex.Civ. App., 359 S.W.2d 163, writ ref'd n. r. e., this Court upheld findings of improper lookout although the pedestrian was walking on the left side of the road. 2A Blashfield, Cyclopedia of Automobile Law and Practice, § 1415, states the pedestrian's duty in this situation as follows: "A pedestrian on the highway at night on whichever side he walks must exercise ordinary care, in the situation in which he puts himself and under the circumstances surrounding him. * * * So one who uses the roadway without taking any precautions for his own safety, though he can see the lights of an automobile which strikes him long before it reaches him, is guilty of contributory negligence barring recovery for the injury received."

█ When this record is examined under the "no evidence" test, we cannot say that the trial court erred in submitting the issue relating to lookout on the part of Kenneth. See also Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Hardage v. Rouly, Tex.Civ.App., 349 S.W.2d 616, writ ref'd n. r. e. This finding of contributory negligence is sufficient to support the take-nothing judgment entered against appellants. It is therefore unnecessary to discuss appellants' points complaining of the submission of the other two acts of contributory negligence found against Kenneth.

The jury found that appellee was operating his vehicle while under the influence of intoxicating liquor at the time of the accident. There was considerable evidence relating to this issue and the jury's finding is fully supported by the evidence. Another issue was submitted to the jury, without objection, as to whether such act constituted negligence. The jury answered that it did not, and therefore, under the conditional .

submission instructions, did not answer the proximate cause issue. Since the jury found other acts of primary negligence proximately causing the occurrence, appellants were not harmed by the jury's negative answer to the negligence issue or their failure to answer this proximate cause issue.

■ Appellants urge as their final point that there is a fatal and irreconcilable conflict between the jury's answers to Issues Nos. 5 and 15. The jury found in response to No. 5 that appellee did not drive "the vehicle he was operating so as to go off of that portion of the highway improved, designed, asphalt paved and ordinarily used for vehicular traffic" and strike Kenneth. By No. 15 it found that at the time and on the occasion in question Kenneth was not "walking upon the paved portion of the highway in question in a manner contrary to the way in which a person of ordinary prudence, in the exercise of ordinary care, would have done under the same or similar circumstances." It is seen that these two issues do not inquire about exactly the same thing, and therefore are not necessarily conflicting. In any event, such a conflict would not be fatal to the entry of the judgment under the rule laid down in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949). See also Bay Petroleum Corp. v. Crumpler, 372 S.W.2d 318 (Tex.1963); Siratt v. Worth Construction Co., 154 Tex. 84, 273 S.W.2d 615 (1954).

The judgment of the trial court is affirmed.

CADENA, Justice (concurring).

I concur in the result solely on the basis of the jury's findings to the effect that decedent's negligent failure to walk on the left side of the highway, facing traffic approaching from the opposite direction, was a proximate cause of the accident. These findings are supported by the evidence and are sufficient, in themselves, to preclude recovery by plaintiffs.