**Bettie Ann SATTERWHITE, Appellant,**

**v.**

**A. W. WEEDN, Appellee.**

**No. 4635.**

Court of Civil Appeals of Texas.

Waco.

May 4, 1967.

Kamp, Laswell & Howard, T. Turner Pope, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Royce R. Till, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a judgment for defendant entered on instructed verdict.

Plaintiff Satterwhite sued defendant Weedn, a veterinarian, for damages allegedly caused by negligent treatment of plaintiff's dog. Plaintiff's suit was filed on August 8, 1964, and alleged defendant guilty of negligent conduct in treatment of the dog occurring "on or about the 26th day of August, 1962."

Defendant plead the two year Statute of Limitation as a defense. At the conclusion of plaintiff's evidence, defendant moved for instructed verdict on the ground that the suit was barred by the two year Statute of Limitation, in that suit was filed on August 8, 1964, and the date of defendant's treatment for which suit was brought was July 28, 1962.

The trial court granted such motion, instructed the jury to return verdict for defendant, and entered judgment on such verdict that plaintiff take nothing.

Plaintiff appeals, contending the trial court erred in granting defendant's motion for instructed verdict, for the reason there was evidence of probative force sufficient to raise a fact issue, as to whether defendant treated plaintiff's dog on August 26th and 27th as alleged by plaintiff, or on July 26th and 27th.

Plaintiff testified on direct examination she took her dog Freida to defendant's veterinary clinic on August 28, 1962 to have a rabies shot and a bath. When she went to pick up the animal it appeared to be sick, and defendant told her the dog had been put out in the sun to dry, stayed too long, and had a sunstroke. Plaintiff left the dog with defendant overnight and finally picked it up the next day and carried it to Dr. Knight, a veterinarian for treatment of the sunstroke. On cross examination plaintiff admitted her memory after four

years "could be rusty"; and, "it is possible the date could have been July 28th," and she was "not really sure if it was August or July."

Plaintiff introduced a letter to her from defendant, expressing regret over the treatment his clinic gave the dog. Such letter was dated *July 31, 1962*. The records of defendant's veterinary clinic reflect plaintiff's dog Freida was vaccinated for rabies on *July 28, 1962*; and Dr. Knight, who saw plaintiff's dog within two days after the alleged mistreatment by defendant, testified he first saw the dog on *July 30, 1962*, and that his office records so reflected.

Based on the foregoing, the trial court concluded that reasonable minds could not differ but that defendant's treatment of the dog occurred on July 28, 1962—rather than August 28, 1962;—and hence plaintiff's case was barred by limitation.

An instructed verdict is warranted only when the evidence is such that no other verdict should be rendered. If there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, 425.

But it is the duty of the Court to instruct a verdict, though there be slight testimony, if its probative force is so weak that it only raises a mere surmise or suspicion of the existence of the facts sought to be established, such testimony, in legal contemplation, falling short or being "any evidence." Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063; 56 Tex.Jur.2d p. 553.

We think that the evidence is of such conclusive character that the occurrence complained of took place on July 28, 1962 rather than August 28, 1962, that reasonable minds cannot differ; and that the instructed verdict was proper.

Plaintiff's points and contentions are overruled.

Affirmed.