Ken SMITH, Individually, and on behalf of his wife, Cletus Smith, Appellants,

v.

Sam CAPLAN, Appellee.

No. 7789.

Court of Civil Appeals of Texas.

Amarillo.

March 4, 1968.

Splawn & Maner and Don Reed, Lubbock, for appellants.

Key, Carr, Carr & Clark and Donald M. Hunt, Lubbock, for appellee.

NORTHCUTT, Justice.

Ken Smith, plaintiff in the trial court, brought suit against Sam Caplan seeking damages for injuries suffered by his wife, Cletus Smith, on September 2, 1966, when she and their minor son entered the defendant's amusement park for the purpose of said minor child's riding the children's amusement rides that defendant, Sam Caplan, operated under a lease from the city of Lubbock.

The case was tried before a jury, but at the time the plaintiff rested his case the defendant moved for an instructed verdict, and thereafter the court granted such motion withdrawing the case from the jury and entered judgment that plaintiff take nothing by his law suit. From that judgment, appellant perfected this appeal. Ken Smith will hereafter be referred to as appellant and Sam Caplan as appellee.

This appeal is presented upon two assignments of error. The first point is that the court erred in granting the instructed verdict because plaintiff's evidence affirmatively raised issues of fact which showed a prima facie case of negligence on the part of the defendant. The second point is that the court erred in granting the instructed verdict because plaintiff's evidence affirmatively raised the issue of fact sufficient to present a prima facie case under the doctrine of res ipsa loquitur.

■ We overrule the first point of error as we are unable to find any evidence upon which a jury could base a finding that appellant's injury was caused by the negligence of appellee. Appellant pleaded that appellee was negligent in that the spider or the individual hobbyhorse movement lever was not securely bolted to the frame so that the same would not slip; in failing to inspect the hobbyhorse spider; in failing to warn the plaintiff that the hobbyhorse and its movement equipment was not secured to its frame; and in maintaining and using a defective merry-go-round. The evidence shows the machine was thoroughly inspected and nothing could be found to indicate the machine was not in perfect working order. The machine continued to be used and they were unable to find any defects.

■ In informing appellee that appellant would rely on the doctrine of res ipsa loquitur as well as general negligence, the appellant pleaded two specific acts of negligence to sustain the plea of res ipsa loquitur. We can not assume without some proof that the machine was defective. Mrs. Smith did not know what injured her foot and neither did anyone else. We think it is so well recognized in this state that the rule of res ipsa loquitur is not one of substantive law, but is a rule of evidence only, that no citations are necessary. In considering the doctrine of res ipsa loquitur, it is not the naked injury but the manner and attending circumstances of the accident that justifies the application of the doctrine in an action for the negligent breach of an ordinary duty. Consequently, the applicability of the doctrine must develop upon the peculiar facts and circumstances of each individual case. It is stated in Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 (Comm. of App. approved) as follows:

"It is now well settled, however, in this state that in a proper case for the application of the rule the fact of the occurrence warrants an inference of negligence but does not compel it; that the presumption created by the happening, whether termed a presumption or an inference, is rebuttable. The effect of the application is not to shift the burden of proof to the defendant, but only the burden of going forward with the evidence. It is stated in 45 C.J. p. 1219, that the general rule as affecting burden of proof is that where plaintiff has established a presumptive or prima facie case of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the jury complained of was due to negligence. The rule thus stated is firmly established in this state. Washington v. M[issouri], K. & T. Railway Co., 90 Tex. 314, 38 S.W. 764; McCray v. [Galveston, H. & S. A.] Ry. Co., supra [Tex.Civ.App., 32 S.W. 548; Id., 89 Tex. 168, 34 S.W. 95]; Gulf, C. & S. F. Ry. Co. v. Dunman (Tex.Com.App.) 27 S.W.2d 116, 72 A.L.R. 90; Ischar v. West Texas Utilities Co. (Tex.Civ.App.) 54 S.W.(2d) 842 (writ refused); Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Tex. 591, 50 S.W. 563."

\*    \*    \*    \*    \*    \*

"It is apparent from the principles recognized and established by the Supreme Court as pointed out in the foregoing discussion of the nature and effect of the rule as interpreted by the decisions of this state that there are several conditions essential to make applicable the 'res ipsa' rule. An essential allegation necessary to warrant its application in a case in which defectiveness in equipment is alleged is that the management and control of the equipment which produced the injury shall be with the defendant exclusively. The theory is that plaintiff is not in a position to show the particular circumstances which caused the equipment to operate to his injury, and that defendant possesses the superior knowledge or means of information as to the cause of the defect, if any; and should

therefore be required to produce the evidence in explanation. McCray v. [Galveston, H. & S. A.] Ry. Co., supra; Simmons v. [Terrell] Light Co., supra [Tex. Com.App., 12 S.W.2d 1011]."

Appellee had full control of the hobbyhorse but appellee showed by sufficient evidence that the machine was in good order, and there is nothing in this record to show that there is any more likelihood of the negligence of appellee causing the injury than there is that the negligence of appellant caused the injury. Mere proof of an injury, in the absence of proof of the manner in which it was received and the circumstances attending the occurrence thereof, is insufficient to warrant an inference of negligence on the part of the defendant as to invoke the res ipsa loquitur doctrine. Alley v. Texas Electric Service Co., Tex.Civ.App., 134 S.W.2d 762; Texas and Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3. The only evidence there is in this record, only from supposition, is that the hobbyhorse was in good condition. In other words, the facts surrounding and leading to the accident from which a jury might reasonably infer negligence in the appellee are not shown. The meager facts shown are as consistent with the hypothesis that the injuries were caused by the negligence of the appellant as the negligence of the appellee. Alley v. Texas Electric Service Co., supra; Davis v. Castile, 257 S.W. 870, (Comm. of App.) 30 Tex.Jur. 805. A verdict based upon the evidence herein could only be based upon conjecture and speculation.

The doctrine of res ipsa loquitur does not apply where the evidence leaves it uncertain whether the negligence of the victim or that of the defendant was the approximate cause. The doctrine has no application where the facts shown are equally consistent with the hypothesis (1) by the negligence of the injured or (2) by that of the defendant or (3) by that of both the injured and the defendant.

The appellee certainly was not called upon to account for the conduct of the appellant. Houston Lighting & Power Co. v. Taber, Tex.Civ.App., 221 S.W.2d 339 (n. r. e.); Worth Steel Corp. v. Gartman, Tex.Civ.App., 361 S.W.2d 426 (n. r. e.).

It is stated in Longoria v. Violet Gin Company et al., Tex.Civ.App., 309 S.W.2d 484 (n. r. e.) as follows:

"The evidence was insufficient to invoke the doctrine of res ipsa loquitur, in that it fails to show that the injury could only have occurred by the negligence of Jerome Jalufka or one of his agents, employees or servants. McClish v. R. C. Young Feed & Seed Co., Tex.Civ.App., 225 S.W.2d 910; Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791; Comet Motor Freight Lines v. Holmes, Tex.Civ. App., 175 S.W.2d 464; Montgomery Ward & Co. v. Sewell, 5 Cir., 205 F.2d 463, 38 Am.Jur. 996; Alley v. Texas Electric Service Co., Tex.Civ.App., 134 S.W.2d 762; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659."

Under this record the only way that appellee could in any manner have been responsible for the injury to appellant would have been because of a defective hobbyhorse and the only evidence of this condition is that it was in good condition. The law is well settled in Texas that where the evidence shows that an accident may have happened as a result of one or two or more causes and is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the doctrine of res ipsa loquitur does not apply. Benkendorfer v. Garrett, Tex.Civ. App., 143 S.W.2d 1020 (error dismissed and judgment correct); Robertson v. Southwestern Bell Telephone Co., Tex.Civ.App., 403 S.W.2d 459 (n. w. h.). We do not believe this record justifies the doctrine of res ipsa loquitur to be applied herein. Judgment of the trial court is affirmed.