J. W. MORROW et al., Appellants,

v.

Floyd Earl CATES et al., Appellees.

No. 4469.

Court of Civil Appeals of Texas,
Eastland.

May 14, 1971.

Rehearing Denied June 11, 1971.

James E. Bunnel, Fort Worth, Hultgren, Vaughan, Jewell, Kolb & Ivy, Dallas, for appellants.

Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellees.

WALTER, Justice.

This is a suit for property damages sustained by three truck owners whose trucks were involved in a common collision. Based on the verdict, judgment was rendered that plaintiff J. W. Morrow take nothing against Cates. A take nothing judgment was also rendered against defendant and cross-claimant Walter Hales. Morrow and Hales have appealed.

Special issues one and two and the answers thereto are as follows:

## "SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that on the occasion in question the vehicle Floyd Cates was driving crossed the double yellow center stripe onto the wrong side of the highway?

Answer: 'We do' or 'We do not'

ANSWER  We do

If you have answered Issue No. 1 'We do,' then answer issue No. 2; otherwise do not answer Issue No. 2.

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that such action was negligence?

Answer: 'We do' or 'We do not'

ANSWER  We do not

If you have answered Issue No. 2 'We do,' then answer issue No. 3; otherwise do not answer Issue No. 3.

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that such action was a proximate cause of the occurrence in question?

Answer: 'We do' or 'We do not'

ANSWER  _____ "

Appellants contend there is no evidence to support the answer to issue two and that such finding is against the preponderance of the evidence. They contend the court erred in refusing to submit an issue on whether defendant Cates failed to make proper application of his brakes. They also complain about jury misconduct.

The following statement is copied from appellants' brief, which appellee agrees, and we find to be substantially correct:

"The only survivor and witness to the collision was Defendant Cates. At the trial, he testified he saw the two trucks being driven by Bradley and Jones approaching from the opposite direction for the first time when they were less than a quarter of a mile—hundred yards or so away. His (Cates) speed was 45 to 50 miles per hour. The two approaching trucks were traveling a little faster. That as soon as he saw the approaching trucks he immediately pulled to his right onto the shoulder of the road and continued to travel on the shoulder of the road up until the time he suffered his loss of memory. At that time, the Bradley truck was 50 to 100 feet away and had crossed the double yellow stripe about one foot onto the wrong side of the highway and was heading directly toward his truck. It was raining and the pavement was wet. Defendant Cates never reduced the speed of his truck. There was no testimony that Defendant Cates lost control of his truck before his loss of memory. The testimony of the investigating officer established the point of impact to be in Bradley's lane of traffic. After the collision, the Jones and Bradley tractors and trailers came to rest on their side of the road. The right rear tractor wheels and one-half of the trailer of Defendant Cates were on the wrong side of the road."

■ Appellants' contention is that the finding that Cates crossed the double yellow stripe onto the wrong side of the highway constitutes negligence per se and "the negligence per se found by the jury in answer to special issue No. 1 constitutes a proximate cause of the collision as a matter of law".

Vernon's Ann.Civ.St. article 6701(d) Sec. 62 is as follows:

"Whenever any highway has been divided into two (2) roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right hand roadway and no vehicle *shall be driven* over, across, or

within any such dividing space, barrier, or section, except through an opening in such physical barrier or dividing section or space or at a cross-over or intersection established by public authority."

The statute provides "* * * no vehicle shall be *driven* over, across * * *". We agree with appellee that issue No. 1 did not require the jury to find that Cates' truck was driven across the double yellow center stripe prior to the collision. The particular standard of conduct prescribed by the statute was not submitted.

The appellants made no objections to the form or substance of the issues and made no objections to the conditional submission of the negligence and proximate cause issues. We hold that issue number one did not submit the elements of the statute and such finding does not constitute a finding of negligence per se.

In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949) the Court said:

"While a finding that the respondent was not negligent would be a complete negation of this defense, a finding that the respondent was negligent would not establish the defense without the further finding that the negligence was a proximate cause of the collision. This finding of proximate causation is missing in this case, because the jury in compliance with the court's instruction did not answer Special Issue No. 17 after answering Special Issue No. 16 in the negative. This conditional submission was not objected to by the petitioner, and we agree with respondent that petitioner's failure so to object constituted a waiver of petitioner's right to have the special issue on proximate cause answered by the jury, in the event that Special Issue No. 16 was answered 'No.'

In the following cases it has been held that where the charge of the court instructs the jury to answer a special issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional submission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue."

In Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587 (1947) the Court said:

"Mere proof that the defendant's agents were guilty of negligence per se or that they were guilty of negligence in fact, does not, of course, establish liability on the defendant's part. Plaintiff must go further and prove that such negligence was the proximate cause of the collision in which he was injured."

■ The proximate cause issue having been conditionally submitted without objection, the right to have the jury answer the issue is waived. Assuming that appellants had a finding of negligence, they could not recover because they do not have a finding of proximate cause. Permian Mud Service, Inc. v. Sipes, Tex. Civ.App., 357 S.W.2d 803 (no writ history) also supports this conclusion.

We have considered the entire record and we find that the answer to issue number two is not contrary to the overwhelming weight and preponderance of the evidence.

■ The court did not err in refusing to submit the issues of whether appellee Cates failed to properly apply his brakes. Appellant Morrow did not assign this matter as error in his amended motion for a new trial. He has waived his right to complain. Appellant Hales pleaded that Cates failed to make proper application of his brakes. The court sustained a special exception to such alleged ground of negligence and the pleading was not amended. Appellant Hales now asserts the court erred in failing to submit his issues that Cates failed to make proper application of his brakes. He does not have a point that the court erred in sustaining the exception

to his pleadings. In Yeatman v. Nelms, 345 S.W.2d 351 (Tex.Civ.App., no writ history) the Court said:

"No abuse of discretion of the trial court or injury to appellant resulting from overruling the special exception has been shown. 'Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion of injury resulting from the ruling of the trial court, the ruling will not be disturbed.' Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707, 711, (Writ Ref.)."

Furthermore, we find no evidence to support the submission of the brake issue.

Reversible error is not shown by appellants' points on jury misconduct. Rule 327 Texas Rules of Civil Procedure.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.