**TRINITY UNIVERSAL INSURANCE CO.,**
**Subrogee of Chambers Dry Goods**
**Co., Appellant,**

v.

**CATTLEMAN'S STEAK HOUSE and**
**C. C. Miller, Appellees.**

**No. 8171.**

Court of Civil Appeals of Texas,
Amarillo.

Aug. 9, 1971.

Mark L. Nichols, Spearman, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, A. B. Hankins, Amarillo, for appellees.

ELLIS, Chief Justice.

This is an appeal from a judgment rendered by the trial court that plaintiff-appellant, Trinity Universal Insurance Co., Subrogee of Chambers Dry Goods Co., take nothing in its suit for damages to a stock of merchandise resulting from a fire originating in an adjoining building occupied and used as a restaurant by defendant-appellees, Cattleman's Steak House and C. C. Miller. Affirmed.

The appellant alleged specific acts of negligence on appellees' part and, alternatively, relied on the doctrine of res ipsa loquitur. Appellees answered by a general denial and alternatively pleaded unavoidable accident as a defense. The case was tried before the court without a jury. The appellant presented its evidence and rested, whereupon appellees moved for judgment on the grounds that appellant had not proven its cause of action based upon the alleged acts of negligence on appellees' part by a preponderance of the evidence. The court granted such motion, and from the judgment entered appellant has brought this appeal on four assignments of error.

Appellant contends in its first point that the court erred in granting appellees' motion for judgment because of the court's failure to invoke the doctrine of res ipsa loquitur. Appellant's second point is predicated upon the first wherein it is contended that upon satisfying the requirements to invoke the doctrine of res ipsa loquitur, appellees' negligence is presumed and no evidence was presented to rebut such presumption. In the third point, appellant contended that by reason of appellees' presenting no evidence the court should have granted appellant's damages which were uncontroverted. The fourth point sets out appellant's contention to the effect that there was sufficient evidence to establish appellees' negligence regarding failure to use care in the cooking area, maintain the equipment and to extinguish and contain the fire.

The first of the three witnesses to testify was Mrs. Marvin S. Chambers, who with her husband owned and operated the dry goods store adjoining the restaurant. She testified concerning the smoke damage to their stock of merchandise. Mrs. Chambers also stated that she did not go into the restaurant on the evening of the fire which occurred at four or five o'clock. She was unable to provide any evidence concerning the cause of the fire.

The next witness was Arthur Austin, a cook employed by appellees at the time of

the fire. According to his testimony, the fire originated in a fryalator which is a type of electrical frying equipment used for deep frying purposes. He described the nature of the equipment which was heated by electrical coils near the bottom and explained that the level of the grease used for frying should be kept above the coils. He stated that after coming to work at one o'clock on that particular day, he had checked the fryalator and found it to be full of grease and set at the normal operating temperature of 350 degrees. He further testified that the fryalator had never given him any trouble before. He related that while he was out in the restaurant drinking coffee, the person employed as dishwasher came out of the nearby cooking area and informed him that the fryalator was smoking, whereupon Austin immediately proceeded to the fryalator and turned off the electric switch at about the time the grease had begun to blaze. He described the unsuccessful efforts by various persons to extinguish the fire with some fire extinguishers that did not seem to perform effectively and stated that the fire was finally extinguished after the arrival of the fire department. He testified that he had no idea as to what caused the fire. He further explained that his position was that of "fry" cook and other persons were in and out of the cooking area while they were engaged in other activities relating to the preparation of meals in the restaurant.

The third witness was Jack Gibson, who had been in the restaurant business for several years. He testified in some detail concerning the operation of a fryalator. Mr. Gibson expressed the opinion that a fryalator when kept full of grease was a safe item of restaurant equipment. He stated that he knew nothing about what caused the fire in question.

In short, Austin, the cook who was present in the restaurant when the fire started, testified, in effect, that the fryalator was full of grease, set for normal operation at 350 degrees, had never given him any trouble before, and for some reason unknown to him, the equipment overheated, began to smoke and he proceeded to switch off the electricity. The witness Gibson, called by appellant to testify as an expert, expressed the opinion that he found nothing improper with the manner in which the cook was operating the equipment. Thus, the record contains no evidence as to the reason for the fire starting or showing that the injury or damage was the result, directly or indirectly, of any act or omission by the employee of the appellees.

■ Appellant contends that the doctrine of res ipsa loquitur is applicable in this case. It is well recognized in this state that the rule of res ipsa loquitur is not one of substantive law but a rule of evidence, and when it is proper to invoke it, a presumption of negligence on the part of the defendant is thereby created. Smith v. Caplan, 425 S.W.2d 477 (Tex.Civ.App.— Amarillo 1968, no writ). In the case of Ablon v. Hawker, 200 S.W.2d 265, 267 (Tex. Civ.App.—Dallas 1947, ref'd n. r. e.), the rule relevant to this case is succinctly stated:

> "Negligence in fire, theft, storm or accident cases, is never presumed, and the mere happening of damage by such means is no evidence of negligence. Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660; Phillips v. Citizens' National Bank, Tex.Com.App., 15 S.W.2d 550; Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195."

In order to give rise to a presumption or inference of the defendants' negligence under the doctrine of res ipsa loquitur, the evidence must show that the damage was a result of an act or omission on the defendants' part. 40 Tex.Jur.2d Negligence, Section 148, p. 674.

■ In this case there appears to be no evidence of causation and the reason for the fire starting is left to speculation and con-

jecture. It is the law of this state that the mere happening of an occurrence or proof of injury, in the absence of any evidence of probative force concerning the cause of the injury, is insufficient to warrant an inference of negligence on the part of the defendant and render him liable under the doctrine of res ipsa loquitur. Patrol Valve Company v. Farrell, 316 S.W.2d 92 (Tex. Civ.App.—Amarillo 1958, error ref'd n. r. e.); Alley v. Texas Electric Service Co., 134 S.W.2d 762 (Tex.Civ.App.—Eastland 1939, no writ); Cobo v. Rodriquez et al., 209 S.W. 196 (Tex.Civ.App.—El Paso 1919, writ dism'd w. o. j.).

From a review of the record in this case, it appears that the evidence points to the existence of a situation of a fire starting in the cooking area of the restaurant for reasons unknown, and that there is no evidence of probative value to show that it originated through any negligence of the cook as the employee of the appellees. In this case, the only evidence is to the effect that the equipment was in good condition, had a proper amount of grease in it and was set at the normal or proper operating temperature. We hold, therefore, that from the record in this case, when viewed in the light of the pertinent holdings under the case law of this state, the evidence is insufficient to find negligence against the appellees in any of the particulars alleged by the appellant or to justify the application of the doctrine of res ipsa loquitur. It follows that there was no presumption of negligence created which was required to be rebutted by evidence presented by appellees, and in the absence of proof of causation and by reason of appellant's failure to prove negligence on appellees' part by a preponderance of the evidence, the appellant's claim for recovery on uncontroverted damages cannot be sustained. We, therefore, overrule all of the appellant's assignments of error and find that the appellees' motion for judgment was properly granted.

The judgment of the trial court is affirmed.