Otis S. HUNTER, Individually and as Next Friend For Shirley Ann Hunter, Appellant,

v.

Robert Lynn CARTER et al., Appellees.

No. 552.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1972.

Rehearing Denied Feb. 2, 1972.

Harlan Harper, Jr., Fanning & Harper, Dallas, for appellant.

William J. Ehlert, Brenham, James Seabolt, Talbert, Giessel & Stone, Houston, for appellees.

BARRON, Justice.

This is a personal injury case arising from an automobile collision.

Shirley Ann Hunter, plaintiff-appellant, was a guest in defendant Robert Carter's automobile. They and another couple were returning to Prairie View A & M after spending several hours at the Collegian, a drinking and dancing establishment frequented by students of Prairie View. Robert Carter was driving east on U. S. Highway 290 well in excess of the posted night speed limit of 65 miles per hour.

U. S. 290 is a four-lane highway with two-lanes for automobiles traveling in an easterly direction and two in a westerly direction. A few miles outside of Hempstead, defendant Mary Aguilar was traveling east on Highway 290 at a speed of 40 to 50 miles per hour. She was in the outside lane next to the shoulder of the road, and was approaching an automobile in the inside lane preparing to make a left turn off the highway.

At the crest of a hill, defendant Carter overtook and collided with the rear of defendant Aguilar's automobile, propelling it forward a few hundred yards and around, facing her vehicle in a westerly direction. Her car thereupon burst into flames. Carter's automobile continued forward 200 to 300 yards.

Appellant Hunter suffered abrasions and bruises over her body and a fracture of the right femur mid-shaft, which required surgical insertion of a metal rod and later removal thereof. Suit is brought against Aguilar for negligence and against Carter alleging gross negligence under the Texas Guest Statute, Vernon's Ann.Civ.St. art. 6701b.

The trial court granted an instructed verdict for defendant Aguilar and granted judgment on the verdict for defendant Carter. Appeal is made listing 14 points of error. The first six relate to error in granting an instructed verdict for defendant Aguilar. Points seven through eleven assert error in submission of special issues numbers 19 and 20 relating to defendant Carter's intoxication and appellant's knowledge of such intoxication. The last points relate to error in rendering judgment for defendant Carter.

■ An instructed verdict is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. A jury may not be instructed to return a verdict if there is sufficient evidence to raise a fact issue on any theory of liability. Stephenson v. O'Neal, 433 S. W.2d 804, 806 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref'd n. r. e.).

The specific allegations of negligence of defendant Aguilar pleaded by appellant are failure to maintain a proper lookout to the rear, bringing her vehicle to a halt, driving too slowly, and failing to give a signal of her intention to stop or decrease her speed, in violation of art. 6701d, sections 68(c) and 70(3). At issue on appeal is whether there is sufficient evidence to raise a fact issue on any theory of liability.

■ All testimony must be considered in a light most favorable to the one against whom the instructed verdict was given. Fireman's Fund Insurance Company v. Martinez, 387 S.W.2d 443, 448 (Tex.Civ. App.—Austin 1965, writ ref'd n. r. e.).

■ There is generally no duty on the part of the driver to maintain a lookout to the rear. Solana v. Hill, 348 S.W.2d 481 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.). The cases cited by appellant note some exception to this general rule, namely a duty to maintain such lookout when preparing to stop, slow down, change directions, or similar activity. There is no evidence that defendant Aguilar was in the process of doing any of these.

The evidence on this allegation, as well as the allegation of bringing her vehicle to a halt and violation of 6701d, failing to signal intention of stopping or reducing speed, is that Aguilar was traveling in the right-hand lane at about 40 to 50 miles per hour. The only testimony to the contrary is to the effect that she appeared to be stopped or stopping, because Carter came upon her so quickly. This testimony was later neutralized by Carter when testifying that he could not swear to the above and could not refute the statements of Aguilar and appellant that Aguilar was traveling 40 to 50 miles per hour. The fact that Carter was driving *well* in excess of the speed limit easily explained how the gap between his and Aguilar's automobiles closed so rapidly.

■ If this be any evidence indicative of a fact question for the jury, it amounts to no more than a scintilla—a mere suspicion or speculation that a fact exists. Such evidence is insufficient to raise an issue. The Court in Satterwhite v. Weedn, 415 S.W.2d 445, 447 (Tex.Civ.App.—Waco 1967, no writ) citing Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063 (1898), upheld an instructed verdict and said:

". . . it is the duty of the Court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being 'any evidence'." (Parenthesis added)

■ There are no cases cited and no evidence showing that under these circumstances traveling at a speed under the posted speed limits is negligence. Appellant's first group of points is overruled.

Appellant's next group of points pertain to error in submitting special issues relating to defendant Carter's state of intoxication and to appellant Hunter's knowledge of such intoxication. Her contention is based on claimed pleadings and evidence insufficient to submit such special issues and she further contends that the issue inquiring of Hunter's knowledge concerning Carter's intoxication constituted a comment on the evidence.

■ The requirements of volenti non fit injuria are that plaintiff has knowledge of facts constituting a dangerous condition or activity, knows the condition or activity

is dangerous, appreciates the nature or extent of the danger, and voluntarily exposes himself to this danger. Turner v. Clark, 412 S.W.2d 707 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). Volenti non fit injuria is an affirmative defense, and under Rule 94, Tex.R.Civ.P., must be set forth affirmatively. It need not be set forth by name. The purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. Musso v. Cronley, 422 S.W.2d 840 (Tex.Civ.App.—Waco 1967, no writ). Defendant has set forth in his answer all the elements of volenti non fit injuria.

■ The pleadings speak of the risk assumed by appellant in riding with Carter. The risk, being Carter's intoxicated state, was not spelled out specifically, but from the inception of this case the alleged intoxication of Carter was in issue. This fact and the pleading of the elements of volenti are sufficient to satisfy the purpose of Rule 279, Tex.R.Civ.P., i. e., to give the complaining party adequate notice of the contentions which he must face. The pleading is sufficient.

A highway patrolman who came to the scene of the accident testified that upon investigation of the accident he detected alcohol on Carter's breath. Appellant testified that she could smell alcohol on Carter's breath when he first picked her up; that he brought a bottle of Legacy Scotch into the Collegian and drank from that bottle, together with his consumption of beer while there. She further testified that he was "high", and on deposition she stated that Carter was loose and talkative as one is when he has too much to drink. Carter had slipped once or twice while he was trying to dance. The bottle of whiskey was almost empty when the parties left the Collegian. Miss Hunter held a cup of whiskey for Carter as he drove. Upon leaving the above establishment, Carter accelerated his vehicle to such an extent that he "burned rubber". On Miss Hunter's deposition she stated that Carter got drunk at the above place, was "wild-like" while there, and that one could tell that the alcohol had an effect upon him.

■ A contention of insufficiency of evidence to submit special issues to the jury is treated as a no evidence point. Garza v. Alviar, 395 S.W.2d 821, 824 (Tex.Sup.1965); Pooler v. Klobassa, 413 S.W.2d 768 (Tex.Civ.App.—San Antonio 1967, no writ). Consideration may be given in the present instance only to that evidence which tends to support the jury finding, and all evidence to the contrary must be disregarded. Mobile, Inc. v. Cone, 457 S.W.2d 175 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.), citing Thoreson v. Thompson, 431 S.W.2d 341 (Tex.Sup. 1968); Garza v. Alviar, supra; Lindley v. Lindley, 384 S.W.2d 676 (Tex.Sup.1964).

The evidence as shown above supports the submission of these special issues.

■ Appellant's contention that special issue no. 20 constitutes a comment on the weight of the evidence, in that it assumes that appellant knew defendant Carter was intoxicated at the time she entered his vehicle, is without merit. The only "assumption" made is that Robert Carter was intoxicated. The assumption element disappears because the jury found in special issue no. 19 that Carter was intoxicated. Special issue no. 20 was conditionally submitted and was to be answered only if the jury found intoxication. This is a proper procedure. Nash v. Roden, 415 S. W.2d 251 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.). The question of appellant's knowledge was submitted to the jury for determination. No comment on the weight of evidence was made. Appellant's second group of points is overruled.

By her final group of points, appellant contends error in the rendering of judgment for defendant Carter on the jury findings because of insufficient or no evidence, and in upholding the defense of volenti non fit injuria when all the elements of such defense were not submitted to the jury.

 It has been held by the Supreme Court in Texas that a person who voluntarily enters a vehicle with a driver known to the plaintiff to be intoxicated, *or* who, learning of the intoxicated condition of the driver after entering the vehicle, thereafter fails to leave it at the first fair and reasonable opportunity, will be denied a recovery, and that the doctrine of volenti non fit injuria may apply. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 613–616 (1952). By special issue number 19 the jury found that on the occasion in question Carter was driving his vehicle while intoxicated and by special issue number 20 that appellant Hunter knew that Carter was intoxicated when she entered the Carter vehicle with Carter as driver. The remaining special issues were conditionally submitted so as to require no answer by the jury, and there was no objection to such conditional submissions. Appellant has consequently waived jury findings on the remaining special issues submitted if indeed they are material, and under Rule 279, Tex.R.Civ.P., the issues required to make out the complete defense of volenti non fit injuria are deemed as found by the court in such manner as to support the judgment. See Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W. 2d 985, 990 (1949); Morrow v. Cates, 468 S.W.2d 480, 482 (Tex.Civ.App.—Eastland 1971, no writ). The evidence supports such findings.

 Appellant did not object to the failure of the trial court to submit certain special issues. Her objections consisted of complaints to special issues 19–23 inclusive dealing with the defense of *volenti* on grounds of no pleadings, no evidence, insufficiency of the evidence, and as being against the overwhelming weight and great preponderance of the evidence. Special issues numbers 21–23 inclusive dealt with possible elements of the defense of volenti non fit injuria, and were not answered by the jury by reason of their conditional submission. We hold that the jury's answers to special issues numbers 19 and 20 above are two of a cluster of issues or are issues necessary to sustain such ground of defense and necessarily referable thereto, and they are deemed as found by the trial court in such manner as to support the judgment below. Rule 279, Tex.R.Civ.P.; Continental Transfer & Stor. Co. v. Midcity Realty Co., 348 S.W.2d 56, 61 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Craker v. City Transportation Company of Dallas, 316 S.W.2d 447, 450–451 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.). The evidence is sufficient to sustain such findings and deemed findings. One or more of a cluster of issues having been submitted and answered, the trial court may deem the remaining referable and related issues to be found in support of the judgment absent proper objections to the charge by appellant, and if the evidence supports such actual and deemed findings.

All points of error are overruled and the judgment of the trial court is affirmed.