Don W. HOGUE, Appellant,

v.

EL PASO PRODUCTS COMPANY et al., Appellees.

No. 6334.

Court of Civil Appeals of Texas, El Paso.

March 20, 1974.

Rehearing Denied April 10, 1974.

Warren Burnett, Associated, Warren Burnett, Richard J. Clarkson, Odessa, for appellant.

Rassman, Gunter & Boldrick, John E. Gunter, Midland, Shafer, Gilliland, Davis, Bunton & McCollum, Perry Davis, Jr., Odessa, for appellees.

## OPINION

WARD, Justice.

The previous opinion delivered in this case is withdrawn and the following is substituted.

This is a case for personal injuries from gas inhalation alleged to have occurred at a chemical plant owned by El Paso Products Company and where the injured plaintiff was in the employ of an independent contractor. On trial before a jury, the Court instructed a verdict for the defendants at the conclusion of all of the evidence. We hold that no fact issue was made by the plaintiff and affirm the judgment of the trial Court.

The plaintiff-Appellant, Don Hogue, sued El Paso Products Company for damages after having contracted eosinophilic granuloma (histocytosis), which he alleged was caused by his inhalation of some kind of gas fumes on January 27, 1967, while he was on the premises of that company's HMD plant at Odessa. The Appellant at that time was an employee of an independent contractor, Fish Engineering and Construction, Inc. Fish had initially built the HMD plant and in 1967 was constructing an addition thereon. Fish was named as a third-party defendant by El Paso Products Company which sought indemnity by virtue of the terms of the construction contract in the event of an adverse judgment in favor of the plaintiff. The negligence of El Paso is alleged to be in failing to warn him that there were dangerous gases on the premises; in failing to take corrective measures to see that he did not sustain injuries due to the presence of these gases; in failing to provide safety devices and gas masks for the plaintiff; and in failing to properly inspect the area where the plaintiff was working. Appellant also alleged that he was entitled to rely on the doctrine of res ipsa loquitur.

As we are considering an instructed verdict granted after all parties had rested, the "no evidence" rule applies. This means we must accept all evidence and the reasonable inferences arising in Appellant's favor. McRoy v. Riverlake Country Club, Inc., 426 S.W.2d 299 (Tex. Civ.App., Dallas 1968, writ ref'd n.r.e.). However, a mere scintilla of evidence, a mere suspicion or speculation that a fact exists, is insufficient to raise a fact issue on any theory of liability. Hunter v. Carter, 476 S.W.2d 41 (Tex.Civ.App., Houston (14th Dist.) 1972, writ ref'd n.r.e.).

Viewing the evidence as required, we find that Fish Engineering was an independent contractor and was on the premises for the purposes of adding to the plant. Don Hogue had been employed by Fish as an electrician's helper for three months and was working with his electrician who was installing conduit in pipe racks in the area of the new construction. The Appellee, El Paso Products Company, had the exclusive management and control of the area known as the HMD plant. The HMD plant is a large open-air type plant similar to an oil refinery with vessels, piping, pipe racks and pumps, and covers one and a half acres of ground. There are some 35 regular employees with 10 or 12 men working there on a normal shift, each shift having an operator on the control board and with the balance as field men about the plant. Numerous gases, including ammonia, are passed through the pipes of the plant. The plaintiff testified that he was overcome by gas in the HMD plant area twice, the first time being about one week before January 27, 1967, and the second time on January 27, 1967, and he reported both incidents. He testified the two gassings occurred at almost the same place and stated that he had been in the same area after the first gassing and before the second gassing and had experienced no difficulty from gas. He further testified that there was nothing to warn him that gas was leaking in the area on January 27th. On the 27th at about 10:30 o'clock A.M., he heard an explosion type noise which he thought came from the HMD plant, but no smoke or anything like that was observed. About fifteen or twenty minutes later, he was instructed by his electrician to go to the edge of the HMD plant and pick up some Una-struct clamps. He did this and got into some invisible gas. He didn't know what it was but it was similar to that of the first experience. The gas took his breath and he couldn't see, and he started coughing and he went to his knees and it made him real sick. He then washed his eyes out and returned to work for the balance of the day. This was reported to the safety man from Fish.

The Appellant asserts only the latter incident as the basis of the suit. He testified that he had no lung trouble prior to this injury but that he has had serious lung

trouble immediately following this injury and it has resulted in extensive hospitalization and disability.

Scribner, the director of safety and security for El Paso Products, testified that the records indicated one or two incidents at the plant in January, 1967; that there was a ruptured expansion joint or valve around January 16th, which allowed ammonia liquid to escape the closed piping system and spray on several employees. Mr. Hogue was not one of these employees. The next incident was on January 28th where the records showed that the maintenance crews were working on a Star Feed Pump. Such problems happen around a plant and they have to be fixed by the operators. Testimony was also offered that before a malfunction or the failure of one of the systems, a pipe, or vessel, noxious gases will not ordinarily escape into the atmosphere in the HMD plant because it is a closed system. If gas was allowed to leak or seep out from any of the pipes on the 27th of January, it would be because of a malfunction of a pipe or the machinery and something had to be faulty or defective or broken in order for noxious gas to escape. Kiser, the daylight supervisor of the HMD plant, testified that it was his job to see that such malfunctions did not occur.

The motion for instructed verdict was made on various grounds including those that there was no evidence that El Paso Products breached any legal duty owed to the plaintiff; no evidence of any negligent act or omission which proximately caused the accident in question; nor evidence that the plaintiff sustained any injury as a proximate result of the accident in question; that the defense of volenti non fit injuria had been established as a matter of law; and that the plaintiff's employer, Fish Engineering, had full knowledge of the dangerous conditions on the premises and El Paso had provided adequate warnings to Fish of such dangerous conditions. The order granting the motion for instructed verdict was in general terms without specification of the ground or grounds upon which the action was taken. Error has been properly assigned and presented as to all of the grounds upon which the Court's action might have been based. No question of waiver is before us. Olivier v. Life and Casualty Insurance Company of Tennessee, 440 S.W.2d 398 (Tex.Civ.App., Beaumont 1969, writ ref'd n.r.e.).

Be that as it may, we feel that the case must be affirmed on the ground stated in the motion that there was no evidence of any negligent act or omission which proximately caused the accident in question. After the first gassing, the plaintiff returned to the same area one time and encountered no gas. This was previous to his last gassing experience on January 27th. It is plaintiff's argument that viewing the evidence most favorable to him then it is established that gas was escaping on January 27th and that El Paso neither discovered it nor did anything before or after to stop the leakage nor to keep people from the area. That the record being barren of what steps were taken to protect invitees of this danger, or of the times when El Paso made any inspection, or of what a reasonable inspection would have consisted, then negligence is established. It is argued that Guidry v. Neches Butane Products Company, 476 S.W.2d 666 (Tex.Sup.1972), controls as there the burden of proof was placed on the landowner to discharge not only its duty as an occupier to inspect and to discover the hidden dangers but the negligence aspect as well. That case was on summary judgment and the standards for appellate review for such a case and for a judgment resting upon a peremptory instruction are entirely different. Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup.1970); McFarling v. Lapham, 489 S.W.2d 435 (Tex. Civ.App., Beaumont 1972, writ ref'd n.r.e.). Here to hold El Paso liable on this conventional trial, the plaintiff had the burden to establish the duty and breach of duty issues and also the burden to establish the negligence issues as well. Some act or

omission of El Paso as set forth by the plaintiff's petition must be shown to have violated the ordinary prudent person standard of care, such as failure to inspect, failure to correct, and failure to warn. Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972). For all we know, a complete and satisfactory inspection may have been made of the premises immediately before the plaintiff came to his unpleasant experience. The admitted fact that gas could only escape because something was faulty or defective or broken does not establish negligence nor does the admitted failure to warn without any tie-in to any passage of time violate any standard of care. Plaintiff's testimony that he heard a boom or explosion from what he thought might be the HMD plant some fifteen minutes or so before he had his accident is at best within the mere scintilla or speculation rule and does not raise any fact issue.

This leaves for decision Appellant's main contention that res ipsa loquitur is applicable to establish the negligence issue. In Texas, the doctrine is a rule of evidence, whereby negligence of the defendant may be inferred from the mere fact that the accident happened. The parties concede that the instrumentality which caused the injury to the plaintiff was under the control of El Paso. The remaining requirement to establish res ipsa is disputed. Appellant contends that the character of the accident and the circumstances attending it lead reasonably to the belief that in the absence of negligence the accident would not have occurred. Owen v. Brown, 447 S.W.2d 883 (Tex.Sup.1969). We hold that the doctrine does not apply under the meager proof in this case where none of the parties knew what caused the gassing. Escaping gas in the vicinity of a complex chemical plant could be due to an unexpected and unforeseeable mechanical failure or it could be due to negligence of El Paso. Where the evidence shows that his injury may have happened as the result of one of two or more causes and it is not more reasonably probable that it was due

to the negligence of the defendant than to another cause, the rule does not apply. Patrol Valve Company v. Farrell, 316 S.W.2d 92 (Tex.Civ.App., Amarillo 1958, writ ref'd n.r.e.). A verdict based upon the evidence herein could only be based upon conjecture and speculation. Smith v. Caplan, 425 S.W.2d 477 (Tex.Civ.App., Amarillo 1968, no writ); Trinity Universal Insurance Co. v. Cattleman's Steak House, 470 S.W.2d 224 (Tex.Civ.App., Amarillo 1971, no writ).

While merit is presented by the Appellant in the remaining points, we need not discuss them in the presence of the preceding matters fatal to the cause of action. The judgment of the trial Court is affirmed.